THOMAS v CONSUMERS POWER COMPANY

Docket Nos. 56722, 56723. Decided July 23, 1975.

Application for leave to appeal from a decision of the Court of Appeals, Quinn, P. J., and V. J. Brennan and Carland, JJ., affirming summary judgment for defendants on two-count complaints for wrongful death arising out of a snowmobile accident (Docket Nos. 18925, 18926). Affirmed as to counts charging ordinary negligence, but reversed as to counts charging gross negligence and remanded for trial.

58 Mich App 486; 228 NW2d 786 (1975) affirmed in part, reversed in part.

1. NEGLIGENCE—LANDOWNERS—LIABILITY TO NONPAYING PERSONS—STATUTES—CONSTRUCTION.

One who holds an easement across land is an owner of lands within the meaning of the statute restricting the liability of the owner, tenant, or lessee of land for injuries to nonpaying persons on his land for outdoor recreational purposes to liability for injuries caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee; snowmobiling is an outdoor recreational use within the meaning of the statute (MCL 300.201).

2. NEGLIGENCE—PLEADING—GROSS NEGLIGENCE.

A complaint sufficiently pleaded gross negligence so as to withstand a motion for summary judgment in an action against a power company and a landowner for wrongful death arising out of the collision of a snowmobile with power company guy wires on the land where it alleged that the defendants knew of the power company's unmarked guy wires and the threat from them to snowmobilers permissively using the land, that un-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 25 Am Jur 2d, Easements and Licenses § 85.

57 Am Jur 2d, Negligence § 64.

62 Am Jur 2d, Premises Liability §§ 17, 38, 51 *et seq.,* 75, 81–84, 239.

Foreseeability as an element of negligence and proximate cause. 100 ALR2d 942.

Duty of possessor of land to warn adult licensees of danger. 55 ALR2d 525.

marked guy wires in areas "exposed to traffic" were a violation of an industry safety code, that the defendants could have avoided the resulting harm in several ways, and that they failed to do so.

*Cicinelli, Mossner, Majoros, Alexander & Harrigan, P. C.,* for plaintiffs.

*Smith & Brooker, P. C.* (by *Webster Cook; W. E. Wisner,* of counsel), for defendant Consumers Power Company.

*William C. Hoffman,* for defendant Saginaw County Agricultural Society.

MEMORANDUM OPINION. Defendants obtained summary judgments as to both counts of plaintiffs' complaint. Plaintiffs had sought to recover for the deaths of their decedents in a snowmobile accident. Their deaths occurred on land owned by Saginaw County Agricultural Society when their snowmobile came in contact with a Consumers Power guy wire thereon. The Court of Appeals affirmed. 58 Mich App 486; 228 NW2d 786 (1975). This Court, in lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), affirms the decision of the Court of Appeals as to Count I, but reverses and remands for trial as to Count II.

Count I was based on ordinary negligence. Defendants successfully interposed MCLA 300.201; MSA 13.1485. We accept the Court of Appeals' construction of this statute.

Count II was based on gross negligence. We find that the allegations of the complaints sufficiently state facts giving rise to a cause of action based on gross negligence so as to withstand summary judgment. Plaintiffs clearly alleged that the defendants knew of Consumer Power's unmarked guy wires and the threat therefrom to snowmobilers permis-

sively using the Saginaw County Agricultural Society's land, that unmarked guy wires in areas "exposed to traffic" were a violation of an industry safety code, that the defendants could have avoided the resulting harm in several ways, and that they failed to do so. See, *e.g., Taylor v Mathews,* 40 Mich App 74; 198 NW2d 843 (1972); 2 Restatement of Torts 2d, § 500.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

M. S. COLEMAN, J., would affirm the decision of the Court of Appeals in its entirety.

SWAINSON, J., took no part in the decision of this case.