CRAWFORD v CONSUMERS POWER COMPANY

Docket Nos. 53007, 53008. Submitted March 5, 1981, at Grand Rapids.
—Decided July 28, 1981. Leave to appeal applied for.

J. H. Crawford, as administrator of the estate of Sheila Crawford, deceased, and Susan Crawford Rodriquez brought separate actions against Consumers Power Company for damages arising out of the electrocution of Sheila Crawford by one of defendant's power lines. Defendant moved for summary judgment in both actions citing the recreational users statute, which motions were partially granted, dismissing those counts of the complaints alleging ordinary negligence, gross negligence, nuisance, and trespass and sustaining the counts alleging wilful and wanton misconduct, Van Buren Circuit Court, Meyer Warshawsky, J. Plaintiffs appeal, by leave granted. The appeals were consolidated. *Held:*

1. The recreational users statute is not violative of the Michigan or United States Constitutions. In addition, plaintiffs failed to raise the issue in the trial court, thus precluding review of this issue on appeal.

2. Defendant, as a utility-easement owner, has sufficient interest in the land on which the electrocution occurred to invoke the protection of the recreational users statute.

3. The recreational users statute shields owners of land falling within its purview from liability for all acts of negligence, whether active or passive.

4. The trial court erred in dismissing those portions of plaintiffs' complaints alleging nuisance. The presence of a dangling, high-voltage wire is a dangerous condition which can be considered to be a nuisance for which a landowner is not shielded from liability by the recreational users statute.

Affirmed in part, reversed in part, and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 26 Am Jur 2d, Electricity, Gas, and Steam § 68.

62 Am Jur 2d, Premises Liability §§ 37, 75, 126, 129.

Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 32 ALR3d 508.

[5–6] 58 Am Jur 2d, Nuisances § 49.

1. CONSTITUTIONAL LAW — RECREATIONAL USERS STATUTE — DUE
   PROCESS — EQUAL PROTECTION — STATUTES.
   The recreational users statute is not violative of the due process
   or equal protection clauses of the United States or Michigan
   Constitutions (MCL 300.201; MSA 13.1485).

2. STATUTES — RECREATIONAL USERS STATUTE — UTILITIES — EASE-
   MENT OWNERS.
   A utility-easement holder is a sufficient owner of land to invoke
   the protection of the recreational users statute (MCL 300.201;
   MSA 13.1485).

3. STATUTES — RECREATIONAL USERS STATUTE — NEGLIGENCE.
   The recreational users statute shields all owners of land falling
   within its purview from liability for all acts of negligence,
   whether active or passive (MCL 300.201; MSA 13.1485).

4. STATUTES — RECREATIONAL USERS STATUTE — COMMON LAW —
   LANDOWNERS — LICENSEES.
   The recreational users statute codifies tort principles recognized
   at common law relative to the duties owed by owners and
   occupiers of land to those who are gratuitously upon the land
   and neither expands nor restricts the common-law duty owed to
   such licensees (MCL 300.201; MSA 13.1485).

5. NUISANCE — COMMON LAW — LANDOWNERS — LICENSEES.
   An owner of land, under the common law, has a duty to use
   ordinary care to avoid or prevent injury to licensees and to
   refrain from wilfully or wantonly injuring them and, in addi-
   tion, to protect licensees from injury on account of nuisances
   created or maintained on the land, even where the dangerous
   condition involves not only a defect but a threatening or
   impending danger to the public, or, where a private nuisance is
   involved, to the property rights or health of persons sustaining
   peculiar relations thereto.

6. STATUTES — RECREATIONAL USERS STATUTE — COMMON LAW —
   LANDOWNERS — LICENSEES — NEGLIGENCE — NUISANCE —
   DANGEROUS CONDITIONS.
   The Legislature intended that the recreational users statute
   should reiterate a landowner's duty to refrain from intention-
   ally injuring persons coming onto his land and to protect
   landowners from liability for ordinary negligence arising out of
   a natural defect in the land; however, a landowner at common
   law had a duty not to injure others by maintaining a nuisance;
   under Michigan case law a landowner's liability for nuisance is
   predicated upon the existence of a dangerous condition, and the

presence of a dangling, high-voltage wire may constitute such a condition, rendering the landowner liable for injuries caused thereby (MCL 300.201; MSA 13.1485).

*Hoffman & Watts,* for plaintiffs.

*W. E. Wisner,* for defendant.

Before: R. B. BURNS, P.J., and T. M. BURNS and CYNAR, JJ.

T. M. BURNS, J. On May 21, 1975, a severe wind and rain storm passed through Van Buren County uprooting two tall trees that fell against one of defendant's power lines knocking it nearly to the ground. Area residents reported power failures to defendant and a company service repairman was dispatched, who located and replaced a burned-out, 65-amp fuse in the area without investigating to determine what caused the power failure or fuse blowout.

Later that evening on the day of the storm, at approximately 10 p.m., the decedent, Sheila Crawford, who was 18 years old, and her sister, plaintiff Susan Crawford Rodriquez, who was 16 years old, and two young male companions drove into a dirt road in the area of the power line failure and parked. Sheila and one of the males left the automobile and walked into a wooded area where they came into contact with the downed electric wire and were killed by electrocution. A short time thereafter, plaintiff Susan Crawford Rodriquez and her male companion were drawn to the area by a fire which they saw. There they saw the partially burned bodies of the decedent and her companion.

The administrator of decedent Sheila Crawford's estate commenced a wrongful death action on May 20, 1977, and one year later, on May 22, 1978, plaintiff Susan Crawford Rodriquez commenced a

companion action for damages arising out of mental distress occasioned by the viewing of her sister's electrocution, burning, and death. Both complaints alleged several counts: ordinary negligence, gross negligence, wilful and wanton misconduct, trespass, and nuisance.

Defendant moved for summary judgment under GCR 1963, 117.2(1) on June 13, 1980. Defendant claimed that plaintiffs' complaints failed to state claims upon which relief could be granted because the utility was immune from liability under the recreational users statute, MCL 300.201; MSA 13.1485, which provides:

"No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant or lessee."

On August 11, 1980, defendant's motion for summary judgment as to both complaints was granted in part. Specifically, the first count of plaintiffs' complaints alleging ordinary negligence was dismissed. The gross negligence portion of Count II of plaintiffs' complaints was dismissed but that part of Count II alleging wilful and wanton misconduct was sustained for trial. Both portions of Count III, which alleged nuisance and trespass, were dismissed.

Plaintiffs now appeal, having briefed a number of issues for our consideration.

We summarily reject plaintiffs' contention that

the recreational users statute is unconstitutional. This argument was addressed in a manner adverse to plaintiffs' position in *Thomas v Consumers Power Co,* 58 Mich App 486; 228 NW2d 786 (1975), *modified* 394 Mich 459; 231 NW2d 653 (1975). We further note that plaintiffs did not raise this issue below and, therefore, it would be inappropriate for us to consider it on appeal.

Similarly, we reject plaintiffs' contentions that defendant does not have a sufficient interest in the land where this occurrence took place so as to raise the defense of the recreational users statute and that *Thomas* is not binding precedent upon the issue of whether an easement constitutes "land" within the meaning of the recreational users statute. In *Thomas,* this Court construed the recreational users statute and held that the present defendant, as an easement holder, is a sufficient owner of the land under the statute to invoke its protection. The Michigan Supreme Court affirmed this Court's construction of the statute on this question. 394 Mich 459, 460. The significance of the *Thomas* decision is that it permits a utility-easement owner to invoke the protection of the recreational users statute. We are bound by that decision.

Nor are we persuaded by plaintiffs' argument that the Legislature intended to distinguish between ordinary negligence arising out of a natural condition of land and active negligence by the owners of that land when it enacted the recreational users statute. As was noted by this Court in *Thone v Nicholson,* 84 Mich App 538, 550; 269 NW2d 665 (1978), " '[a]ctive' negligence is, however, still negligence, and different in kind from wilful and wanton misconduct". Thus, this Court has repudiated plaintiffs' purported distinction be-

tween ordinary negligence and active negligence. The recreational users statute shields from liability all owners of land falling within its purview for all acts of negligence, whether active or passive.

With respect to plaintiffs' concern that the trial judge may instruct a jury improperly in the future regarding the law of wilful and wanton misconduct, we find that plaintiffs' fears are not ripe for our consideration at this time. There is ample time for plaintiffs to submit proposed jury instructions to the lower court on this issue. Finally, the definition of wilful and wanton misconduct was set forth by this Court in its opinion in *Thone,* and, having examined the record, we are not persuaded by plaintiffs' argument that the trial judge misread *Thone.* That case contains ample definition of common-law wilful and wanton misconduct as applicable to the recreational users statute. We fully trust that the trial judge will apply the law as set forth therein.

We now turn to the principal issue in this case. That is, whether the recreational users statute permits actions against the owners of land for other than gross negligence or wilful and wanton misconduct. Plaintiffs argue that the trial judge improperly dismissed those counts of their complaints alleging nuisance and trespass. They contend that the recreational users statute grants immunity to defendant only for ordinary negligence and that other causes of action, such as nuisance, are permitted.

As this Court noted in its opinion in *Thomas, supra,* 492, the recreational users statute merely codifies tort principles that are universally recognized in common-law jurisdictions with regard to such duties owed by owners and occupiers of property to those who come upon such property merely as licensees.

Likewise, in *Thone, supra,* 543-544, this Court agreed that the purpose of the recreational users statute "was to codify the common-law liability of landowners to those who come gratuitously upon the land, and that the statute neither expanded nor restricted the common-law duty of landowners owed to licensees".

As *Thomas* points out, it is the common-law duty of an owner of land to use ordinary care to avoid or prevent injury to licensees and to refrain from wilfully or wantonly injuring them. In addition, however, landowners have a common-law duty to protect licensees from injury on account of nuisances created or maintained on the land. This is true even where the dangerous condition involves not only a defect but a "threatening or impending danger to the public, or, if a private nuisance, to the property rights or health of persons sustaining particular relations to the same * * *". *Kilts v Board of Supervisors of Kent County,* 162 Mich 646, 651; 127 NW 821 (1910).

In *Anderson v Brown Brothers, Inc,* 65 Mich App 409; 237 NW2d 528 (1975), a panel of this Court considered the scope of the recreational users statute under facts that also brought into consideration the governmental immunity statute. Although a majority of the Court could not reach agreement on the question of whether a claim in nuisance may be pursued despite the defense of the recreational users statute, Judge O'HARA, in his separate opinion, held that such a claim could survive:

"If in this state a pleaded nuisance is indistinguishable from an action based upon gross negligence or wilful and wanton misconduct, I am unaware of it. If it is true, it should be said so with judicial clarity and finality. It seems to me the Supreme Court has said there is a difference as succinctly as possible in *Buckeye*

*Union Fire Ins Co v Michigan,* 383 Mich 630, 636; 178 NW2d 476 (1970), as quoted by the very recent case of *Buddy v Michigan,* 59 Mich App 598, 603; 229 NW2d 865 (1975).

" 'Primarily, nuisance is a condition. Liability is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. Nuisance may result from want of due care (like a hole in a highway), but may still exist as a dangerous, offensive, or hazardous condition even with the best of care.'

"I vote to vacate the summary judgment entered in favor of all the defendants on count one alleging a nuisance and to remand this issue to the trial court for such proceedings as may there properly ensue." *Id.,* 421-422.

It is not enough to say that the recreational users statute permits actions only for gross negligence or wilful and wanton misconduct. As this Court noted in *Thomas* and in *Thone,* the recreational users statute was intended by the Legislature to reiterate a landowner's duty to refrain from intentionally injuring persons coming onto his land and to protect the landowners from ordinary negligence arising out of a natural defect in the land. However, a landowner had at common law a duty not to injure others by maintaining a nuisance. Under Michigan case law, a landowner's liability for negligence is based upon the existence of a dangerous condition. *Rosario v City of Lansing,* 403 Mich 124; 168 NW2d 230 (1978). The presence of a dangling, high-voltage wire is a dangerous condition which can be considered to be a nuisance for which a landowner may be liable in damages should a licensee be injured by that wire.

Remanded for trial during which plaintiffs may pursue their claim for wilful and wanton misconduct and nuisance. In all other respects, the judgment of the lower court is affirmed.