SYROWIK v CITY OF DETROIT

Docket No. 60329. Submitted July 20, 1982, at Detroit.—Decided
September 7, 1982.

Linda Syrowik, by her next friend, Joseph Syrowik, and Joseph
Syrowik, individually, brought an action against the City of
Detroit and the Department of Parks and Recreation for the
City of Detroit in Wayne Circuit Court alleging that defendants
were negligent in their operation of Derby Hill in Dorias
Playfield where Linda Syrowik fractured her left hip while
tobogganing. Defendants moved for summary judgment, alleg-
ing immunity from liability for negligence under the recre-
ational land users act. The trial court, Michael J. Connor, J.,
held that the act was applicable to the case but allowed
plaintiffs to file an amended complaint alleging gross negli-
gence or wilful or wanton misconduct and intentional nuisance
in fact as the basis of liability. The jury returned a verdict of
no cause of action and the court entered a judgment in favor of
defendants. Plaintiffs filed a motion for a new trial, which
motion was denied. Plaintiffs appeal. *Held:*

1. Plaintiffs' argument that the recreational land users act
does not apply to property located in urban areas is without
merit.

2. Plaintiff Joseph Syrowik's status as a taxpayer is not
enough to bring him within the statutory exception for persons
who pay a valuable consideration to use the property in ques-
tion.

3. The trial court did not abuse its discretion by ruling that
plaintiffs' "winter sports safety expert" could not testify.

4. The trial court did not err by excluding from evidence
certain photographs and diagrams of Derby Hill.

5. Because the recreational land users act is applicable to
this case, plaintiffs' claim that the trial court erred in its

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 62 Am Jur 2d, Premises Liability §§ 74, 75.
[2] 62 Am Jur 2d, Premises Liability §§ 51, 52.
[3] 5 Am Jur 2d, Appeal and Error § 881.
[4] 31 Am Jur 2d, Expert and Opinion Evidence §§ 16-18.

instructions on comparative negligence and mitigation of damages need not be addressed.

Affirmed.

1. TORTS — NEGLIGENCE — OUTDOOR RECREATION — NONPAYING USERS OF PROPERTY — LIABILITY OF PROPERTY OWNERS.

The Michigan statute regulating the liability of landholders to nonpaying persons on their lands for recreational purposes and restricting that liability to injuries caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee should be given a liberal construction to carry out the Legislature's intent to further recreational activities in Michigan by making certain areas available for such purposes while codifying tort law principles limiting the liability of landowners to those who come gratuitously upon their lands (MCL 300.201; MSA 13.1485).

2. TORTS — NEGLIGENCE — OUTDOOR RECREATION — LIABILITY OF PROPERTY OWNERS — "VALUABLE CONSIDERATION".

Only persons who pay a "valuable consideration" to a landowner, tenant, or lessee of land have a cause of action for injuries suffered while on that land for outdoor recreational purposes unless the injuries were caused by the gross negligence or wilful or wanton misconduct of the owner, tenant, or lessee; the "valuable consideration" must be in the form of a specific fee for the use of a particular recreational area in question (MCL 300.201; MSA 13.1485).

3. APPEAL — EXPERT TESTIMONY.

The Court of Appeals will not reverse a trial court's exercise of its discretion to admit or exclude expert testimony absent a clear abuse of discretion.

4. EVIDENCE — EXPERT TESTIMONY — CRITERIA FOR EXPERT TESTIMONY.

Three criteria must be satisifed for testimony to be admitted as expert testimony: (1) there must be an expert; (2) there must be facts in evidence which require or are subject to examination and analysis by a competent expert; and (3) there must be knowledge in a particular area that belongs more to an expert than to a common man.

*Goldstein, Miklir, Schreier, Nolish & Friedman, P.C.,* for plaintiff.

*Mercedes Mueckenheim* and *Laurel F. Mc-*

*Giffert,* Assistants Corporation Counsel, for defendant.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

D. C. RILEY, J. Following a jury trial in Wayne County Circuit Court which resulted in a verdict of no cause of action, the trial court entered a judgment in favor of defendants. On September 30, 1981, the trial court denied plaintiffs' motion for a new trial. Plaintiffs appeal as of right alleging, *inter alia,* that the trial court erred in holding that the recreational land users act, MCL 300.201; MSA 13.1485, was applicable to plaintiffs' claim.

On February 10, 1974, plaintiff Linda Syrowik, then 13 years old, fractured her left hip while tobogganing on Derby Hill in Dorias Playfield. Dorias Playfield is owned and maintained by the City of Detroit. Plaintiffs filed a complaint alleging that the defendants were negligent in their operation of Derby Hill. Shortly thereafter, defendants moved for summary judgment alleging immunity from liability for negligence under the recreational land users act, *supra.*

The trial court held that the act was applicable to the instant case but allowed plaintiffs to file an amended complaint alleging gross negligence and/or wilful and wanton misconduct and intentional nuisance in fact, as the basis of liability. Trial was commenced on May 18, 1981, and continued through June 4, 1981. Following deliberations, the jury returned its verdict wherein it found that defendants had not created an intentional nuisance in fact and had not been grossly negligent or wilful or wanton in their conduct.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At the time of plaintiff's accident, MCL 300.201; MSA 13.1485 provided as follows:

"Sec. 1. No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing or other similar outdoor recreational use, with or without permission, against the owner, tenant or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant or lessee."

The act was amended by 1974 PA 177, effective June 23, 1974, by inserting "motorcycling" and "snowmobiling" and by deleting ".similar" from the phrase "or other similar outdoor recreational use".

Plaintiffs contend that the statute does not apply to property located in urban areas. Plaintiffs point out that the activities listed in the statute are typically enjoyed in rural settings, thus, plaintiffs argue, under the principle of statutory construction known as *ejusdem generis*, the phrase "other outdoor recreational activity" should be narrowly construed to include only activities, such as those listed in the statute, which are generally enjoyed in rural areas. Plaintiffs do not argue that tobogganing is not included in the statute but, instead, state that "the statute should not be so broadly construed as to include recreational activities occurring in a city park".

Plaintiffs' argument is without merit. The statute makes no reference to a distinction between urban and rural areas. The imposition of such a distinction by this Court would require the drawing of an arbitrary dividing line between what is urban and what is rural. Furthermore, to give the

statute the construction urged by plaintiffs would do violence not only to the wording of the statute but to the intent of the Legislature. This Court has previously held that this statute should be given a liberal construction to carry out the Legislature's intent to further recreational activities in Michigan by making certain areas available for such purposes while codifying tort law principles limiting the liability of landowners to those who come gratuitously upon their lands. *Thomas v Consumers Power Co,* 58 Mich App 486; 228 NW2d 786 (1975).

Also, this Court has previously applied MCL 300.201; MSA 13.1485 to bar actions by plaintiffs injured in public parks in urban settings. See *Anderson v Brown Bros, Inc,* 65 Mich App 409; 237 NW2d 528 (1975); *Thomas v Consumers Power Co, supra.*

We also reject plaintiffs' contention that the statute does not apply to their claim because plaintiff Joseph Syrowik paid defendant City of Detroit a valuable consideration in the form of property taxes for his family's use of Dorias Playfield. A plain reading of MCL 300.201; MSA 13.1485 clearly indicates that the valuable consideration must be in the form of a specific fee for the use of a particular recreational area in question. Plaintiff's status as a taxpayer is not enough to bring him within this statutory exception.

Plaintiffs also contend that the trial court erred in ruling that their "winter sports safety expert" could not testify. We note initially that this Court will not reverse the trial court's exercise of its discretion to admit or exclude expert testimony absent a clear abuse of discretion. *Johnson v Detroit,* 79 Mich App 295, 299; 261 NW2d 295 (1977). We find no such abuse of discretion here.

In this case, defendants brought a motion to bar the testimony of plaintiffs' expert pursuant to GCR 1963, 301.10 on the ground that plaintiffs had not released the name of their expert within the time limit set by that subrule. The trial court ruled that it would deny defendants' motion to bar the testimony of plaintiffs' expert on the condition that plaintiffs' attorney properly answer defendants' proposed interrogatory as to the subject of the expert's testimony, his opinion, and the facts he relied upon in giving his opinion. The response to the interrogatory perfunctorily set forth a series of conclusions without setting forth the facts upon which they were based. This response failed to comply adequately with the court's conditional order and, therefore, we hold that the trial court did not err in refusing to allow the testimony of plaintiffs' expert.

In any event, we agree with the trial court that plaintiffs' expert did not meet the requirements for admissibility of expert testimony. In order for expert testimony to be admitted, the witness must be an expert, there must be facts in evidence which require or are subject to examination and analysis by a competent expert and there must be knowledge in a particular area that belongs more to an expert than to the common man. *O'Dowd v Linehan*, 385 Mich 491, 509-510; 189 NW2d 333 (1971); *Johnson, supra*, 300-301.

In the case at bar, there did not appear to be any questions of fact that required, or were subject to, examination and analysis by an expert, nor did there appear to be a body of knowledge in the area of tobogganing that could be said to belong more to an expert than to a common man. We agree with the trial court that the expert's testimony could not have assisted the jury in understanding

the evidence or determining the facts in issue and, therefore, we hold that it properly exercised its discretion in excluding the testimony of plaintiffs' expert. MRE 702.

Next, plaintiffs contend that the trial court erred in excluding from evidence certain photographs and diagrams of Derby Hill. The photographs of Derby Hill proffered by plaintiffs were taken during the summer of 1980, almost six years after the date of the accident in question. Furthermore, they were in no way an accurate representation of the hill on the date in question. Therefore, the photographs failed to meet the test for admissibility of photographs as set forth in *People v Brannon,* 14 Mich App 690; 165 NW2d 903 (1968), and the trial court properly excluded them from evidence.

The same analysis applies to the topographic map and blueprints proffered by plaintiffs. Both of these documents were prepared in 1956, before Derby Hill was constructed, and plaintiffs were unable to establish the proper foundation for the admission of these documents. In any event, any error in the exclusion of these documents was harmless as the plaintiffs successfully utilized a blackboard diagram and oral testimony to depict the general dimensions of Derby Hill and its attractiveness as a tobogganing area. *Johnson, supra,* 300.

Finally, in view of our holding that the recreational land users statute, MCL 300.201; MSA 13.1485, was properly applied to the case at bar, we need not address plaintiffs' claim that the trial court erred in its instructions on comparative negligence and mitigation of damages, as the jury, pursuant to a special verdict form, decided that plaintiffs had no cause of action before ever reach-

ing the issues of comparative negligence and damages.

Affirmed.

No costs, a statutory interpretation being involved.