GRAHAM v GRATIOT COUNTY

Docket No. 59530. Submitted October 15, 1982, at Lansing.—Decided June 7, 1983. Leave to appeal denied, 418 Mich __.

Norman Graham, personal representative of the estate of Jeffery W. Graham, deceased, brought an action against Gratiot County and the Gratiot County Board of Commissioners in the Gratiot Circuit Court. Plaintiff's decedent drowned while swimming in a gravel pit located on property owned and operated by defendants. Plaintiff alleged gross negligence, attractive nuisance, and that the gravel pit was well known by the defendants to be an extremely dangerous swimming hole frequented by persons using illegal drugs and alcohol, that the pit had been the site of a previous drowning death, and that defendants negligently left access roads open to public use, neglected to supervise the area and neglected to place warning signs or fences to secure the premises against public access. The court, Timothy M. Green, J., granted summary judgment for defendants. Plaintiff appealed. *Held:*

1. Gross negligence refers to the defendant's subsequent negligence, *i.e.,* negligent conduct by the defendant which occurs subsequent to the plaintiff's negligence. Plaintiff did not allege any subsequent conduct by defendants.

2. The elements of wilful and wanton misconduct, under the statute which limits the liability of a landowner for injuries to a person using the defendant's land for recreational purposes, are: 1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, 2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and 3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence §§ 99, 100, 386 *et seq.*
[2, 3] 57 Am Jur 2d, Negligence § 101 *et seq.*
  61A Am Jur 2d, Pleading § 71 *et seq.*
  62 Am Jur 2d, Premises Liability § 176.
  Liability of landowner for drowning of child. 8 ALR2d 1254.

prove disastrous to another. Plaintiff did not allege anything to indicate the third element.

3. The *express provisions of the recreational use statute* bar claims alleging common-law attractive nuisance grounded in a landowner defendant's ordinary negligence. The plaintiff must allege that the injuries received by the person using the land for recreational purposes were caused by the defendant's gross negligence or wilful and wanton misconduct. Summary judgment was proper.

Affirmed.

1. NEGLIGENCE — GROSS NEGLIGENCE.

Gross negligence refers to the defendant's subsequent negligence, *i.e.,* negligent conduct by the defendant which occurs subsequent to the plaintiff's negligence.

2. NEGLIGENCE — RECREATIONAL USE — WILFUL AND WANTON MISCONDUCT.

The elements of wilful and wanton misconduct, under the statute which limits the liability of a landowner for injuries to a person using the defendant's land for recreational purposes, are: 1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, 2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and 3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another; wilful and wanton misconduct is not alleged in alleging that defendants owned a gravel pit in which plaintiff's decedent drowned, that the gravel pit was well known by the defendants to be an extremely dangerous swimming hole frequented by persons using illegal drugs and alcohol, that the pit had been the site of a previous drowning death, and that defendants negligently left access roads open to public use, neglected to supervise the area and neglected to place warning signs or fences to secure the premises against public access. (MCL 300.201; MSA 13.1485).

3. NEGLIGENCE — RECREATIONAL USE — ATTRACTIVE NUISANCE.

The express provisions of the recreational use statute bar claims alleging common-law attractive nuisance grounded in a landowner defendant's ordinary negligence; the plaintiff must allege that the injuries received by the person using the land for recreational purposes were caused by the defendant's gross negligence or wilful and wanton misconduct (MCL 300.201; MSA 13.1485).

*Peter C. Payette, P.C.* (by *Peter C. Payette*), for plaintiff.

*William E. Goggin,* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. Plaintiff's decedent drowned while swimming in a gravel pit located upon property owned and operated by defendants. Plaintiff filed this action for wrongful death based on theories of negligence, gross negligence and maintenance of an attractive nuisance. Defendants moved for summary judgment pursuant to GCR 1963, 117.2(3).[1] The trial court granted the motion and plaintiff appeals as of right.

This action is governed by the recreational use statute, MCL 300.201; MSA 13.1485, which provides:

"No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee."[2]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Although defendants cited subrule 117.2(3), the motion asserted, *inter alia,* that plaintiff had failed to allege sufficient facts under the recreational use statute, MCL 300.201; MSA 13.1485. Therefore, we treat the motion as having been brought under subrule 117.2(1), for failure to state a claim upon which relief may be granted.

[2] The statute has been held applicable to publicly owned lands. *Lucchesi v Kent County Road Comm,* 109 Mich App 254, 268; 312 NW2d 86 (1981), *lv den* 414 Mich 852 (1982).

Thus, to recover, plaintiff is required to plead and prove that defendants were guilty of "gross negligence" or "wilful and wanton misconduct".

In *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982), the Supreme Court considered the meaning of these terms as they are used in the recreational use statute. Although gross negligence and wilful and wanton misconduct have often been treated as synonyms over the years the Court found that the terms involve two very distinct concepts. The majority, per Justice RYAN, found that gross negligence refers to the defendant's subsequent negligence, *i.e.,* negligent conduct by the defendant which occurs subsequent to the plaintiff's negligence.[3] 414 Mich 454.

Wilful and wanton misconduct, on the other hand, is to be measured by the standard set forth in *Gibbard v Cursan,* 225 Mich 311, 322; 196 NW 398 (1923):

"According to note, 69 LRA 516, and text, 20 RCL, p 145, the elements necessary to characterize the injury in the case at bar as wilfully inflicted are:

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' "

See *Burnett,* p 455.

---

[3] As noted in the late Justice MOODY's concurring opinion in *Burnett v City of Adrian,* 414 Mich 448, 461-462; 326 NW2d 810 (1982), the gross negligence standard has been essentially restated in the form of the last clear chance doctrine. See Restatement Torts, 2d, § 479, p 530.

In *Burnett,* all seven justices were in essential agreement concerning the traditional standards for gross negligence and wilful and wanton misconduct. However, the late Justice MOODY, joined by Justices WILLIAMS and LEVIN, wrote a concurring opinion in which he observed that, in nearly every case involving the construction of the recreational use statute, Michigan courts have utilized the three-part *Gibbard* test to define a factual threshold which plaintiffs must satisfy to survive a motion for summary judgment. 414 Mich 466. Justice MOODY concluded that a plaintiff's claim should be measured by the *Gibbard* test regardless of whether it is couched in terms of gross negligence or wilful and wanton misconduct:

"Accordingly, following *Thomas [v Consumers Power Co,* 394 Mich 459; 231 NW2d 653 (1975)], we hold that the three-pronged *Gibbard* formula defines a threshold burden which a plaintiff must satisfy to state a cause of action under the recreational use statute. While *Thomas* labeled the cause of action 'gross negligence', in the interest of consistency with the common law from which the concept is derived, we prefer the term 'wilful and wanton misconduct' to describe the threshold test. In the instant case, however, the specific terminology is less important than the determination of whether plaintiffs' allegations have satisfied that test." (Footnote omitted.) 414 Mich 475-477.

In the case at bar, plaintiff's claim of gross negligence is clearly not actionable under the traditional definition, because there is no allegation of the defendants' subsequent negligence. 414 Mich 454.

Plaintiff has not specifically alleged wilful and wanton misconduct. Notwithstanding, we believe it is proper to apply the *Gibbard* test to determine

whether plaintiff has stated a cause of action under the recreational use statute.[4]

The complaint alleges that plaintiff's decedent, a "healthy boy of 17 years of age", drowned while swimming in defendants' gravel pit. Plaintiff alleges that the gravel pit was well known by the defendants to be an extremely dangerous swimming hole frequented by persons using illegal drugs and alcohol and that the pit had been the site of a previous drowning death. Plaintiff alleged that defendants negligently left access roads open to public use, neglected to supervise the area and neglected to place warning signs or fences to secure the premises against public access.

Viewing the pleadings and inferences drawn therefrom in a light most favorable to the plaintiff, and applying the *Gibbard* test, we hold that plaintiff has failed to state a cause of action under the recreational use statute. Specifically, we believe plaintiff has failed to satisfy part (3) of the *Gibbard* test. This is not a case in which the risk of drowning was compounded by an artificial condition or hidden defect. The complaint does not sufficiently allege that, as a consequence of defendants' alleged negligent conduct, it would be apparent to the ordinary person that the result would be "likely to prove disastrous to another". *Gibbard, supra,* p 322. (Emphasis supplied.) Summary judgment was properly granted on plaintiff's claims of negligence and gross negligence.

---

[4] This is so because, first, plaintiff did not have the benefit of the *Burnett* decision at the time the complaint was drafted. As observed by Justice MOODY in *Burnett,* prior decisions have applied the *Gibbard* formula while attaching various labels to the claims involved. In *Thomas v Consumers Power Co,* 394 Mich 459; 231 NW2d 653 (1975), for example, the Court, faced with a claim governed by the recreational use statute, applied the three elements of wilful and wanton misconduct, but termed the cause of action "gross negligence". 414 Mich 467.

Second, plaintiff could ultimately be permitted to amend his complaint to add a claim of wilful and wanton misconduct.

Summary judgment was also correctly granted on plaintiff's attractive nuisance claim. In *Burnett,* the Court unanimously held that, in cases governed by the recreational use act, a concurrent claim based on attractive nuisance is not cognizable. To the extent the facts alleged in the attractive nuisance claim are grounded in negligent conduct on defendants' part, the claim is barred by the express terms of the statute. To the extent the complaint sets forth facts sufficient to support an allegation of gross negligence or wilful and wanton misconduct, it is duplicative of the cause of action based solely on that form of conduct. 414 Mich 454, fn 1, and 480-481. The trial court correctly granted summary judgment as to plaintiff's claim of attractive nuisance.

Affirmed.