DENSEL v CITY OF ANN ARBOR

Docket No. 72373. Submitted November 13, 1984, at Lansing.—Decided August 6, 1985.

Earl J. Densel and Josephine Densel brought an action in the Washtenaw Circuit Court against the City of Ann Arbor for injuries sustained by Earl, who was fishing in the Huron River when a dam owned and operated by the defendant opened and released water, causing Earl to be thrown from his boat. The court, Henry T. Conlin, J., granted summary judgment for defendant, holding that the recreational land users act barred recovery since plaintiffs could and did not allege that defendant was guilty of gross negligence or willful or wanton misconduct. Plaintiffs appealed. *Held:*

Where a body of water is navigable, the riparian or littoral owners have title to the land subject to a servitude for commercial navigation of ships and logs and for public fishing. The recreational land users act does not protect a defendant in an action against a littoral or riparian owner by a plaintiff injured while fishing where the waters being fished were navigable. The Court of Appeals was unable to tell from the trial court's ruling the facts upon which the court's conclusion was based and the court's sole reference to the navigability of the river suggests that the court did not apply the correct legal standard in reaching its conclusion.

Reversed and remanded.

1. NAVIGABLE WATERS — FISHING RIGHTS.

Navigable waters are waters usable by commercial shipping or capable of floating logs or timber; where a body of water is navigable, the riparian or littoral owners have title to the land subject to a servitude for commercial navigation of ships and logs and for public fishing.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Fish and Game §§ 6-21.

Public rights of recreational boating, fishing, wading, or the like in inland stream of the bed of which is privately owned. 6 ALR4th 1030.

2. NEGLIGENCE — NAVIGABLE WATERS — RECREATIONAL LAND USERS
    ACT.
   The recreational land users act does not protect a defendant in
   an action against a littoral or riparian owner by a plaintiff
   injured while fishing where the waters being fished were navi-
   gable (MCL 300.201; MSA 13. 1485).

*Robert E. Logeman, P.C.* (by *Robert E. Loge-
man*), for plaintiffs.

*Stefani A. Carter,* Assistant City Attorney, for
defendant.

Before: WAHLS, P.J., and R. M. MAHER and R. E.
NOBLE,* JJ.

PER CURIAM. Plaintiffs appeal as of right from
orders of the circuit court granting defendant's
motion for summary judgment and denying plain-
tiffs' motion for rehearing.

In their complaint, plaintiffs alleged that plain-
tiff Earl J. Densel had been fishing on the Huron
River on May 23, 1981, approximately 100 feet
from defendant's Superior Dam, when the dam
opened and released water. The force of the rush-
ing water caused Densel's boat to overturn and
threw Densel into the water. Plaintiffs alleged that
Densel suffered injuries as a result of this occur-
rence. Plaintiffs claimed, among other allegations,
that defendant had negligently breached its duty
to exercise reasonable care by failing to place signs
warning the public of the dangerous condition of
the dam. In defense, defendant sought summary
judgment pursuant to GCR 1963, 117.2, subds (1)
and (3), claiming that plaintiffs' claim was barred
by the recreational land users act, MCL 300.201;
MSA 13.1485, because plaintiffs had not, and could
not, allege that defendant was guilty of gross

---

* Circuit judge, sitting on the Court of Appeals by assignment.

negligence or willful and wanton misconduct. Over plaintiffs' strenuous argument that the act did not apply because Densel had had a right to fish on the Huron River, the trial court concluded that the river was not a navigable stream and that the act barred plaintiffs' recovery unless they could show gross negligence or willful and wanton misconduct. Summary judgment was then granted.

On appeal, plaintiffs argue that the trial court erred by concluding that the Huron River was not navigable and by applying the recreational land users act to the facts of this case. We agree that the trial court improperly concluded that the Huron River was not navigable. We are unable to tell from the trial court's ruling the facts upon which the court's conclusion was based and the court's sole reference to the navigability of the river suggests that the court did not apply the correct legal standard in reaching its conlcusion. We, therefore, must remand this case to the trial court so that the court may properly evaluate plaintiffs' claim that the river was a navigable stream under the standards provided by the Supreme Court in *Bott v Natural Resources Comm,* 415 Mich 45; 327 NW2d 838 (1982).

We further find that if the Huron River is found to be a navigable stream within the parameters set forth in *Bott, supra,* defendant is not entitled to the protection of the recreational land users act. The act provides as follows:

"No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence

or wilful and wanton misconduct of the owner, tenant, or lessee."

Plaintiffs argue that if the river is navigable, Densel had a right to be on the river fishing. This right, plaintiffs argue, is not diminished because defendant owns the land on both sides of the river as well as the land underlying the river. Plaintiffs then argue that, if Densel had the *right* to be on the river, the act is inapplicable.

We agree with the analysis. Both this Court and the Supreme Court have held that the phrase "lands of another" may include bodies of water. *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982); *Graham v Gratiot County,* 126 Mich App 385; 337 NW2d 73 (1983). However, where the body of water is navigable, within the definition provided in *Bott, supra,* the riparian or littoral owner has title to the "land", but that title is subject "to a servitude for commercial navigation of ships and logs, and, where the waters are so navigable, for fishing". *Bott, supra,* 415 Mich 60. This "servitude" has also been referred to as premises being "impressed with a public trust". *Bott, supra,* 415 Mich 71, fn 25, citing *Collins v Gerhardt,* 237 Mich 38; 211 NW 115 (1926), and *Attorney General ex rel Director of Conservation v Taggart,* 306 Mich 432; 11 NW2d 193 (1943). See also *Kerley v Wolfe,* 349 Mich 350, 357; 84 NW2d 748 (1957). Because of this servitude, a riparian or littoral owner may not eject or bar members of the public from the water if the members of the public are exercising their right to fish. *Kerley v Wolfe, supra,* 349 Mich 357.

In light of this "servitude", we do not believe that a person exercising his right to fish on a navigable stream may be considered to be a person who is "on the lands of another without paying to

such other person a valuable consideration for the purpose of fishing". The riparian owner is not entitled to charge a fee before "permitting" the other person to enter onto the "land" to exercise his already-reserved right to enter. Indeed, the purpose of the recreational land users act, to further "recreational activities in Michigan by making certain areas available for such purposes while clearly restating the common-law liability of owners to those who come gratuitously upon their land", *Thomas v Consumers Power Co,* 58 Mich App 486, 492; 228 NW2d 786 (1975), has already been met by providing for the servitude or public trust upon the water. See also *Thone v Nicholson,* 84 Mich App 538, 553; 269 NW2d 665 (1978), *lv den* 405 Mich 819 (1979). Finally, the act has repeatedly been characterized as the "codification" of tort principles which have established the duty owed by owners and occupiers of property to those who come upon such property as "mere licensees". *Syrowik v Detroit,* 119 Mich App 343, 347; 326 NW2d 507 (1982); *Crawford v Consumers Power Co,* 108 Mich App 232; 310 NW2d 343 (1981), *lv den* 417 Mich 1072 (1983); *Thone v Nicholson, supra,* 84 Mich App 544; *Thomas v Consumers Power Co, supra,* 58 Mich App 492. A licensee is, by definition, not entitled to come upon another person's land by right. *Thomas, supra,* 58 Mich App 492. We, therefore, conclude that, if Earl Densel was on the Huron River by right because the river was navigable, defendant may not assert the recreational land users act as a bar to plaintiffs' claim.

Reversed and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction. No costs as a public question is involved.