THOMASON v OLIVE BRANCH MASONIC TEMPLE

Docket No. 82237. Submitted January 22, 1986, at Detroit. Decided December 16, 1986.

Steven R. Thomason, personal representative of the estate of Melanie Lynn Thomason, deceased, brought a wrongful death action against Olive Branch Masonic Temple, the owner of a vacant parcel of land on which the decedent's body was found. Decedent was murdered by a third party. Defendant's property is adjacent to a public park, is unfenced and has mounds of weed-covered dirt and patches of tall weeds and brush. Plaintiff's complaint alleged negligence, gross negligence, nuisance, and willful and wanton misconduct based on defendant's failure to cut tall weeds, fence the property and provide security guards. The Wayne Circuit Court, Marvin R. Stempien, J., held that the recreational use act applied and that the facts were insufficient to sustain a claim of gross negligence or willful and wanton misconduct. Plaintiff appealed.

The Court of Appeals held:

1. The court correctly applied the recreational use act.

2. The recreational use act merely codifies the common-law duty of owners and occupiers of land to licensees and should be liberally construed to give it validity and to fulfill its purpose of furthering recreational activity by protecting owners of private land that by its nature would be subject to use by the general public for recreational purposes.

3. The elements of willful and wanton misconduct, under the statute which limits the liability of a landowner for injuries to a person using the defendant's land for recreational purposes, are 1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, 2) ability to

REFERENCES

Am Jur 2d, Negligence §§ 99-107.

Am Jur 2d, Premises Liability §§ 25, 26, 37, 74, 75.

Comment Note.—Private person's duty and liability for failure to protect another against criminal attack by third person. 10 ALR3d 619.

See also the annotations in the Index to Annotations under Negligence; Premises Liability.

avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and 3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another and is made out only if the conduct alleged shows an intent to harm or, if not, such indifference to whether harm will result as to be the equivalent of a willingness that it does. Plaintiff failed to allege facts which show intent to harm.

4. Gross negligence refers to the defendant's subsequent negligence, i.e., negligent conduct by the defendant which occurs subsequent to the plaintiff's negligence. Plaintiff failed to allege negligence on the part of decedent. Without it, there can be no claim of subsequent negligence by defendant. Plaintiff's complaint failed to allege facts sufficient to support a claim of gross negligence.

5. A landowner has no liability to a victim for criminal acts committed on his property by a third party in the absence of a special relationship between himself and the victim. Plaintiff did not allege any special relationship between defendant and decedent.

Affirmed.

## OPINION OF THE COURT

1. TORTS — RECREATIONAL USE ACT — COMMON LAW — LANDOWNERS.

The recreational use act codifies tort principles recognized at common law relative to the duties owed by owners and occupiers of land to those who are gratuitously upon the land and neither expands nor restricts the common-law duty owed to such licensees (MCL 300.201; MSA 13.1485).

2. TORTS — RECREATIONAL USE ACT — JUDICIAL CONSTRUCTION.

The recreational use act is to be construed liberally so as to give it validity and to fulfill its purpose of furthering recreational activity by protecting owners of private land that by its nature would be subject to use by the general public for recreational purposes (MCL 300.201; MSA 13.1485).

3. NEGLIGENCE — RECREATIONAL USE ACT — WILLFUL AND WANTON MISCONDUCT.

The elements of willful and wanton misconduct, under the statute which limits the liability of a landowner for injuries to a person using the defendant's land for recreational purposes, are 1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, 2) ability to avoid the resulting harm by ordinary care and diligence in the use of

the means at hand, and 3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another and is made out only if the conduct alleged shows an intent to harm or, if not, such indifference to whether harm will result as to be the equivalent of a willingness that it does.

4. Negligence — Gross Negligence.

Gross negligence refers to the defendant's subsequent negligence, i.e., negligent conduct by the defendant which occurs subsequent to the plaintiff's negligence.

5. Torts — Landowners — Criminal Acts — Third Parties.

A landowner has no liability to a victim for criminal acts committed on his property by a third party in the absence of a special relationship between himself and the victim.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Kenneth Guinn Harlan*), for plaintiff.

*Helmkamp, Ellis & Abraham* (by *Alan C. Helmkamp*), for defendant.

Before: M. J. Kelly, P.J., and Shepherd and M. R. Knoblock,* JJ.

M. R. Knoblock, J. On September 9, 1980, plaintiff's decedent, his ten-year-old daughter, was apparently attacked, stabbed and murdered by a third party and her body was found on defendant's property. The property consisted of a one-acre unimproved parcel of land adjacent to Crowley Park in Dearborn, Michigan. Plaintiff alleged that, because the boundary between defendant's land and the adjoining park was not fenced or marked in any way, park users often wandered onto defendant's land. The condition of the unfenced land included mounds of weed-covered dirt and patches of tall weeds and brush.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff brought a wrongful death action against defendant, alleging negligence and gross negligence and nuisance based on, inter alia, the failure to maintain reasonably safe premises. Later, plaintiff amended his complaint, again alleging negligence or gross negligence and the maintenance of a nuisance. Defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), contending that the recreational use act applied, and, thus, plaintiff had failed to state a claim upon which relief could be granted.

Confronted with the factual circumstance that it was unknown how or why plaintiff's decedent went upon defendant's property, the circuit court concluded her presence there could be accounted for in only one of three ways: either she trespassed upon the property, was forcibly taken there by her assailant or inadvertently wandered upon the premises while engaging in recreational activities at the adjacent park. Given these facts the court concluded defendant could only be liable if plaintiff's decedent was on the premises for recreational purposes and therefore the recreational use act applied. Since the complaint failed to allege facts sufficient to sustain a claim of gross negligence or willful and wanton misconduct, the court orally granted defendant's motion, but afforded plaintiff an opportunity to amend his complaint.

Plaintiff then filed a second amended complaint alleging that the decedent's death was caused by defendant's gross negligence or willful and wanton misconduct. Among other allegations, plaintiff claimed that defendant had failed to cut tall weeds, fence off its property, and provide security guards. A renewed motion for summary judgment was filed by defendant and the motion was granted after the circuit court found insufficient facts were

pled to sustain a claim of gross negligence or willful and wanton misconduct. Plaintiff now appeals from this ruling.

The recreational use act, MCL 300.201; MSA 13.1485, provides as follows:

Sec. 1. No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee.

Plaintiff first claims on appeal that the act does not apply to the factual circumstances of this case because it is in derogation of the common law and should be strictly construed. We disagree.

This Court has previously held that the act is merely a codification of the common-law duty of owners and occupiers of land to licensees. *Densel v City of Ann Arbor,* 144 Mich App 673; 376 NW2d 181 (1985); *Crawford v Consumers Power Co,* 108 Mich App 232; 310 NW2d 343 (1981), lv den 417 Mich 1072 (1983); *Thone v Nicholson,* 84 Mich App 538; 269 NW2d 665 (1978), lv den 405 Mich 819 (1979); *Thomas v Consumers Power Co,* 58 Mich App 486; 228 NW2d 786 (1975), modified on other grounds 394 Mich 459; 231 NW2d 653 (1975). And in *Thomas v Consumers Power Co, supra,* p 496, this Court held that the act is to be liberally construed so as to give it validity and to fulfill its purpose of furthering recreational activity. To fulfill this goal, the Legislature protected owners of private land that by its nature would be subject to

use by the general public for recreational pur-
poses. *Wymer v Holmes,* 144 Mich App 192; 375
NW2d 384 (1984); *Danaher v Partridge Creek
Country Club,* 116 Mich App 305; 323 NW2d 376
(1982).

Plaintiff cites *Lyshak v Detroit,* 351 Mich 230;
88 NW2d 596 (1958), for the proposition that a
landowner's liability to a child trespasser is
grounded in ordinary negligence, not gross negli-
gence, or willful and wanton misconduct. We find
*Lyshak* inapplicable to the instant case. In *Lyshak,*
the landowner operated a golf course on which
children were known to trespass. The plaintiff lost
an eye when a golf ball hit him. The Court held
that, where a landowner knows or should have
known that child trespassers intrude on his prop-
erty, he will be held liable for failure to use
reasonable care in engaging in an activity that
involves a risk of death or serious bodily harm. *Id.,*
pp 248-249. The Court emphasized that the land-
owner's activity involved a risk of death or serious
harm. Thus, the *Lyshak* case differs from the
instant case in that the defendant here did not
conduct any dangerous activity nor maintain an
unnatural condition which was a risk to life. Tall
weeds and grass do not in themselves pose a risk
of death or serious harm.

We also find meritless plaintiff's claim that the
act does not apply since the land in question was a
one-acre urban lot. The act applies to urban set-
tings as well as rural settings, *Syrowik v Detroit,*
119 Mich App 343; 326 NW2d 507 (1982), and
requires no minimum acreage of land to come
within its application.

We next consider whether plaintiff sufficiently
stated a claim of willful and wanton misconduct or
gross negligence to survive defendant's motion for
summary judgment. In *Rodis v Herman Kiefer*

*Hospital,* 142 Mich App 425, 427-428; 370 NW2d 18 (1985), this Court stated:

> The grant or denial of a motion for summary judgment under subrule 117.2(1) tests the legal basis of the complaint. The reviewing court must rely on the pleadings alone and assume that the factual allegations in the complaint are true, along with any inferences which may be drawn from those facts. The motion should be granted only when the claim is so unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Blake v Consolidated Rail Corp,* 129 Mich App 535, 543; 342 NW2d 599 (1983), *Aisner v Lafayette Towers,* 129 Mich App 642, 645-646; 341 NW2d 852 (1983), *lv den* 419 Mich 880 (1984).

In *Gibbard v Cursan,* 225 Mich 311, 322; 196 NW 398 (1923), the Michigan Supreme Court set forth the elements necessary to constitute willful and wanton misconduct:

> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

The definition of willful and wanton misconduct was clarified in *Burnett v City of Adrian,* 414 Mich 448, 455; 326 NW2d 810 (1982), that "willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does."

Applying the *Gibbard* and *Burnett* tests to the

instant case, plaintiff's second amended complaint alleged several facts with regard to defendant's premises which we do not find amounted to a showing of intent to harm. The main allegation appears to be that defendant let its property become overgrown, which condition was an invitation to criminals. Overgrown grass and weeds are not conditions that would put a person on notice that crimes are being committed. It was not apparent that the failure to cut the grass and weeds was likely to result in disaster to another. These conditions are not inherently dangerous. In *Graham v Gratiot Co*, 126 Mich App 385; 337 NW2d 73 (1983), this Court found that, even though there had been previous drownings on a piece of property, it was not apparent that disaster was likely, and thus the failure to put up a road block or the failure to warn was not willful and wanton misconduct. Likewise, the court in the case at bar correctly applied the *Gibbard* rule and found that plaintiff had failed to allege sufficient facts to sustain a claim of willful and wanton misconduct. Defendant's property was in its natural condition and was not inherently dangerous to all persons. Cf., *McNeal v Dep't of Natural Resources*, 140 Mich App 625; 364 NW2d 768 (1985). The case of *Tien v Barkel*, 351 Mich 276; 88 NW2d 552 (1958), which plaintiff relies on, is distinguishable because that case did not involve the recreational use act. While the Court in *Tien* stated that in doubtful cases the issue of willful and wanton misconduct is for the jury, we do not find that such doubt is present here. The facts are clearly insufficient to state a claim of willful and wanton misconduct.

We also conclude that plaintiff failed to state a valid claim of gross negligence. "[G]ross negligence refers to the defendant's subsequent negligence." *Graham v Gratiot Co, supra,* p 388. The *Gibbard*

Court stated that gross negligence occurs where a plaintiff's prior negligence put him in a position of danger but the defendant's subsequent negligence caused the plaintiff's injury. Since the plaintiff's negligence is a remote cause and the defendant's subsequent intervening negligence is the proximate cause, the plaintiff's negligence is excused. Thus, where a plaintiff fails to allege subsequent negligence by the defendant, courts have found a failure to state a claim of gross negligence. See *Gibbard, Burnett, McNeal,* and *Graham, supra.*

Here, plaintiff merely alleged the failure to maintain the premises, the failure to fence off the property, and the failure to warn. Plaintiff did not allege that the deceased was negligent. Without such a claim, there can be no claim of subsequent negligence by the defendant. Further the allegation that the defendant failed to take certain protective steps refers to actions that should have been taken prior to when the decedent entered defendant's land, and are not allegations of gross negligence. We find plaintiff's reliance on *Thomas v Consumers Power Co* misplaced. In *Thomas,* the Court mistakenly applied a willful and wanton misconduct standard to find that the plaintiff stated a claim of gross negligence. The *Thomas* Court's language indicates that it applied the three-point *Gibbard* test of willful and wanton misconduct. In *Burnett,* the Supreme Court subsequently discussed the mislabeling and misuse of the term "gross negligence" for "willful and wanton misconduct." It is therefore clear that, while the Supreme Court in *Thomas* found a sufficient claim of gross negligence, in reality, only a claim of willful and wanton misconduct was stated.

Finally we consider defendant's argument that, even if the recreational use act does not apply, defendant is not liable for a third-party criminal

abduction and murder of the decedent on its property. We agree. There is no "special relationship" between the decedent and the defendant alleged in the instant complaint. Defendant is not, for example, decedent's landlord, nor did it invite her on its land as a business invitee. Cf., *Johnston v Harris,* 387 Mich 569; 198 NW2d 409 (1972), and *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 (1975); *Askew v Parry,* 131 Mich App 276; 345 NW2d 686 (1983); see, 2 Restatement Torts, 2d, § 314 A(3), p 118. To the extent that *Sanford v Detroit,* 143 Mich App 194; 371 NW2d 904 (1985), can be read to impose liability upon a landowner under the facts presented in this case and in the absence of such a special relationship, we decline to follow it. Additionally, *Sanford* involved a vacant building which is factually distinguishable from the present case involving an unimproved lot. Therefore, even if the recreational use act did not apply in this case, the complaint did not state a cause of action for which relief could be granted. The trial court correctly granted defendant's motion for summary judgment.

We conclude that the recreational use act is not in derogation of the common law and should be construed liberally. The lower court properly applied the act to this case. Plaintiff failed to properly allege a claim of willful and wanton misconduct or gross negligence. Finally, since there is no special relationship between decedent and defendant, there can be no liability of defendant for criminal acts of a third party.

Affirmed.

M. J. KELLY, P.J., concurred.

SHEPHERD, J. *(concurring).* I concur in the result but I am only willing to apply the gross negligence

analysis of this opinion to cases arising under the recreational use act for the reasons stated in *Burnett v City of Adrian,* 414 Mich 448, 455; 326 NW2d 810 (1982). In footnote 23 of that case Justice MOODY indicated that the Supreme Court was not willing to treat the concept of gross negligence as being without an independent meaning under the recreational use statute. The Supreme Court stated that as a minimum gross negligence under the recreational use act incorporated the doctrine of last clear chance. Whether the term "gross negligence" is synonymous with "willful and wanton misconduct" in other contexts is an issue that need not be decided in this case. For purposes of this decision it is sufficient to say that the plaintiff has not established or pleaded anything other than ordinary negligence.