S & S DEVELOPMENT COMPANY v PANTS GALORE
STORES, INC.

1. Judgment—Summary Judgment—Failure to State Claim—
   Pleading—Landlord and Tenant—Repudiation of Lease—
   Justification—Court Rules.

   Summary judgment was properly granted for failure to state a
   claim upon which relief could be granted in a suit for damages
   from an alleged repudiation of a lease where the unrefuted
   pleadings at the time of a hearing on a motion for summary
   judgment established justification for the alleged repudiation by
   defendants (GCR 1963, 117.2 [1]).

2. Appeal and Error—Preserving Issue—Pleading—Amendment—
   Timely Filing—Court Rules.

   Issues raised by a plaintiff in his amended complaint and in his
   answer to the defendant's counterclaim, are not preserved on
   appeal where the plaintiff failed to file a timely answer to the
   defendant's counterclaim, failed to file a timely amended com-
   plaint and failed to obtain leave of the court to file such an
   amended complaint in compliance with court rules (GCR 1963,
   118.1).

Appeal from Oakland, John N. O'Brien, J. Sub-
mitted June 19, 1975, at Detroit. (Docket No.
21829.) Decided August 13, 1975.

Complaint by S & S Development Company
against Pants Galore Stores, Inc., Ronald Portnoy
and James Dawood for damages arising from repu-
diation of a lease. Counterclaim by defendants for
the amount of the security deposit. Summary judg-
ment for defendants on both the complaint and
the counterclaim. Plaintiff appeals. Affirmed.

References for Points in Headnotes
[1] 73 Am Jur 2d, Summary Judgment §§ 17, 22, 23.
[2] 5 Am Jur 2d, Appeal and Error § 545.

*Hyman & Rise,* for plaintiff.

*Leonard S. Herman,* for defendants.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

QUINN, J. Plaintiff's complaint was filed August 30, 1973. It sought damages for the alleged repudiation of a lease by defendants on August 15, 1973. Defendants filed an answer, counterclaim, and a motion for summary judgment on October 12, 1973. The motion for summary judgment was granted by order dated and filed November 5, 1973 and plaintiff's complaint was dismissed. Judgment also entered in favor of defendants on their counterclaim for the amount of their security deposit. Plaintiff appeals and we affirm.

The lease was executed March 19, 1973 for a term of five years commencing August 1, 1973. The lease required plaintiff to deliver the premises for occupancy no later than August 15, 1973. In answer, defendants alleged as an affirmative defense that the premises were not ready for occupancy in accordance with the terms of the lease. This allegation stood unrefuted on October 31, 1973, the date defendants' motion for summary judgment was heard. It supported defendants' claim under GCR 1963, 117.2(1), that plaintiff had failed to state a claim upon which relief could be granted, and it also supported defendants' right to a return of their security deposit.

In their answer, defendants also pleaded as an affirmative defense the refusal of plaintiff to mitigate damages by accepting defendants as its tenants pursuant to defendants' offer of October 2, 1973. Defendants' reliance on this affirmative defense at the argument on the motion for summary

judgment and on appeal is confusing, but it does not alter the fact that the pleadings at the time of the hearing on the motion for summary judgment established justification for the alleged repudiation by defendants.

Further confusion is created by subsequent proceedings. November 7, 1973, plaintiff moved to set aside the order of dismissal and the judgment in favor of defendants on their counterclaim on the basis of lack of notice of hearing on the motion for summary judgment. This motion was originally praeciped for October 23, 1973. Plaintiff had notice of this hearing as is indicated by its counsel's letter to defense counsel and dated October 25, 1973. By letter dated October 24, 1973, defense counsel advised plaintiff's counsel that the motion was adjourned to October 31, 1973. An affidavit of mailing this letter is attached. Additionally, an affidavit of defense counsel alleges that the adjournment of the original hearing was by telephone agreement between counsel, and that in the same telephone conversation, defense counsel advised plaintiff's counsel that the motion would be repraeciped for October 31, 1973. This praecipe is in the file. Plaintiff did not appear on October 31, 1973, and after a hearing, defendants' motion was granted.

Plaintiff's motion of November 7, 1973 was noticed for hearing and was praeciped for November 14, 1973. The file contains no order with respect to this motion, but the docket entry for November 14, 1973 indicates the motion was denied.

November 26, 1973, plaintiff moved for reconsideration of defendants' motion for summary judgment. This motion was based on the files and records of this cause and on a proposed amended complaint. The amended complaint was not

timely, GCR 1963, 118.1, nor was leave of court to file it obtained. This motion was noticed for December 5, 1973 and praeciped for the same date. It was repraeciped six times, the final date being February 6, 1974. On the latter date, counsel appeared but the matter was put over pending the filing of legal memoranda. At this same time, plaintiff apparently submitted a second amended complaint and a conclusionary affidavit of a partner of plaintiff. The second amended complaint was in violation of GCR 1963, 118.1, and was filed April 4, 1974 along with the affidavit above referred to. On April 4, 1974, plaintiff also filed an answer to the motion for summary judgment and an answer to defendants' counterclaim. September 17, 1974, an order entered denying the motion for reconsideration.

If plaintiff had filed a timely answer to defendants' counterclaim refuting the allegation that plaintiff had failed to deliver occupancy in accordance with the terms of the lease, or had filed a timely amended complaint stating the claim upon which relief could be granted, or had obtained leave of court to file such an amended complaint, the other issues raised would be considered. By ignoring rule requirements, these issues are not preserved.

Affirmed with costs to defendants.