JENKINSON v DEPARTMENT OF NATURAL RESOURCES

Docket No. 88658. Submitted November 4, 1986, at Lansing. Decided April 20, 1987. Leave to appeal applied for.

Gregory M. Jenkinson drowned while wading at the Bald Mountain State Recreation Area public beach. On May 7, 1981, Alice Jenkinson, personal representative of the estate of Gregory M. Jenkinson, deceased, filed suit against the Department of Natural Resources in the Court of Claims alleging that Gregory's death was the direct and proximate result of defendant's negligence. On October 31, 1985, the court, James T. Kallman, J., granted summary disposition in favor of defendant on the ground that plaintiff's action was barred by governmental immunity and the recreational use statute. Plaintiff appealed.

The Court of Appeals *held:*

1. The state's operation of Bald Mountain Recreation Area is an activity which is expressly mandated or authorized by statute. The activity at issue here is clearly not proprietary in nature and does not come within any of the statutory exceptions to governmental immunity. Plaintiff's claim against the DNR is therefore barred by governmental immunity.

2. Plaintiff's claim is also barred by the recreational use statute, which is applicable to publicly owned lands. Plaintiff failed to allege gross negligence or wilful and wanton misconduct on the part of defendant as required by the statute.

3. Plaintiff's claims that the nuisance and public buildings exceptions to governmental immunity are applicable to this case are without merit.

Affirmed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS.

A governmental function, for purposes of the governmental im-

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability §§ 24-26, 42-44.

Am Jur 2d, Negligence §§ 101 *et seq.*

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

See also the annotations in the Index to Annotations under Negligence.

munity act, is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law; when a governmental agency engages in mandated or authorized activities it is immune from tort liability, unless the activity is proprietary in nature or falls within one of the other statutory exceptions to the governmental immunity act (MCL 691.1407; MSA 3.996[107]).

2. NEGLIGENCE — PUBLICLY OWNED LANDS — RECREATIONAL USE.
   The recreational use act is applicable to publicly owned lands (MCL 300.201; MSA 13.1485).

3. NEGLIGENCE — RECREATIONAL USE — WILFUL AND WANTON MIS-
   CONDUCT.
   Gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee of property used for recreational purposes must be pled in order to state a cause of action under the recreational use statute (MCL 300.201; MSA 13.1485).

*Becker & Van Cleef, P.C.* (by *Frank G. Becker*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Eric J. Eggan,* Assistant Attorney General, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and P. J. CLULO,* JJ.

PER CURIAM. Plaintiff's decedent, Gregory Michael Jenkinson, drowned while wading at the Bald Mountain State Recreation Area public beach. The recreation area is owned and operated by defendant State of Michigan Department of Natural Resources. On May 7, 1981, plaintiff filed this action against the DNR alleging that plaintiff's decedent's death was the direct and proximate

---

* Circuit judge, sitting on the Court of Appeals by assignment.

result of defendant's negligence.[1] On July 28, 1981, the Court of Claims denied defendant's motion for summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C)(8). Subsequently, on October 31, 1985, the court granted defendant's motion for summary disposition under MCR 2.116(C)(7) on the basis that plaintiff's claim was barred by governmental immunity, MCL 691.1407; MSA 3.996(107), and by the recreational use statute, MCL 300.201; MSA 13.1485. Plaintiff appeals as of right. We hold that the action against the DNR is barred by both statutes and, therefore, affirm the decision of the Court of Claims.

In order to plead a valid claim against a government agency, the plaintiff must plead facts in avoidance of governmental immunity. *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976). This is accomplished by stating a claim which fits within one of the legislatively[2] or judicially created exceptions to governmental immunity or by pleading facts which demonstrate that the activity alleged is not in the "exercise or discharge of a governmental function" within MCL 691.1407; MSA 3.996(107). *McCann, supra; Veeneman v Michigan,* 143 Mich App 694, 698; 373 NW2d 193 (1985), lv gtd 424 Mich 876 (1986).

In the instant case, plaintiff contends that the operation of a swimming beach is not a governmental function subject to immunity. See *Feliciano*

---

[1] Paragraph 14 set forth six specific acts of defendant's negligence: (a) failing to hire an adequate number of lifeguards; (b) allowing an excessive number of patrons in the beach area; (c) failing to promptly and effectively search for the plaintiff's decedent following a report of his disappearance; (d) failing to maintain a safe beach area so that sudden dropoffs would not pose a threat of harm to young nonswimmers; (e) failing to properly warn, instruct and caution young nonswimmers; and (f) failing to maintain a cordoned-off area for young nonswimmers so that they would not be exposed to deep water.

[2] MCL 691.1402; MSA 3.996(102), MCL 691.1405; MSA 3.996(105), MCL 691.1406; MSA 3.996(106), and MCL 691.1413; MSA 3.996(113).

*v Dep't of Natural Resources,* 97 Mich App 101; 293 NW2d 732 (1980). We find that *Feliciano,* which was decided prior to the Supreme Court's decision in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), was effectively overruled by *Ross.* In *Ross,* the Court adopted the following definition of "governmental function":

> We therefore conclude that a governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. When a governmental agency engages in mandated or authorized activities, it is immune from tort liability, unless the activity is proprietary in nature (as defined in § 13) or falls within one of the other statutory exceptions to the governmental immunity act. [*Ross, supra,* p 620.]

In this case, the state's operation of Bald Mountain Recreation Area is an activity which is expressly mandated or authorized by statute. MCL 318.3 *et seq.;* MSA 13.1011 *et seq.* See also Const 1963, art 10, § 5 and MCL 299.3; MSA 13.3, which provides that the DNR shall provide outdoor recreational facilities. The recreational activity at issue here is clearly not proprietary in nature and does not come within any of the statutory exceptions to governmental immunity. We therefore conclude that plaintiff's claim against the state is barred by governmental immunity. Contrary to plaintiff's assertion, *Ross* has limited retroactive effect and is applicable to this case. *Hyde v University of Michigan Bd of Regents,* 426 Mich 223, 230; 393 NW2d 847 (1986).

Nor do we find plaintiff's claim under the recreational use statute, MCL 300.201; MSA 13.1485, a viable one. That statute provides:

No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee.

The recreational use act has been held to be applicable to publicly owned lands. *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982); *Graham v Gratiot Co,* 126 Mich App 385; 337 NW2d 73 (1983); *Lucchesi v Kent Co Road Comm,* 109 Mich App 254; 312 NW2d 86 (1981); *Syrowik v Detroit,* 119 Mich App 343; 326 NW2d 507 (1982); *McNeal v Dep't of Natural Resources,* 140 Mich App 625; 364 NW2d 768 (1985). In the instant case, plaintiff's complaint failed to allege or even plead defendant's gross negligence or wilful and wanton misconduct. Hence her claim under this statute must fail. See, e.g., *Matthews v Detroit,* 141 Mich App 712; 367 NW2d 440 (1985), lv den 422 Mich 978 (1985).

Finally, plaintiff's claims that the nuisance and public buildings exceptions are applicable to this case are without merit. Although plaintiff contends in her brief on appeal that she sought leave to amend her complaint in the lower court to allege intentional nuisance and the public buildings exception, the lower court record lacks any papers or hearing transcripts to support this. We find that, since plaintiff did not properly raise her claims below, appellate review is precluded. *S S Development Co v Pants Galore Stores, Inc,* 63 Mich App 394, 397; 234 NW2d 540 (1975).

Affirmed.