## HARRIS v VAILLIENCOURT

Docket No. 89744. Submitted February 19, 1987, at Detroit. Decided August 17, 1988.

James Harris sustained injuries which left him quadriplegic when he dove into Walled Lake from a dock located on property owned by the Leon Beach Subdivision Association. The land and dock were surrounded by a fence and a "no trespassing" sign was posted on the fence. Harris brought a negligence action in Oakland Circuit Court against Mark Vailliencourt and others, who were all landowners and members of the association, and Whitney Jay, doing business as A & W Root Beer, who, with the association's permission, used the dock for access to the lake. The trial court, Hilda R. Gage, J., granted summary disposition in favor of defendants, ruling that the action was barred by the recreational land use act in the absence of allegations of gross negligence or wilful and wanton misconduct. Plaintiff's motion for rehearing or reconsideration and to amend his complaint was denied by the trial court. Plaintiff appealed.

The Court of Appeals *held:*

The recreational land use act provides that no cause of action shall arise against an owner, tenant or lessee of private land for injury arising out of the outdoor recreational use of the land by a person who is on the land with or without permission of the owner and who does not pay a valuable consideration for the recreational use, unless the injury was caused by the gross negligence or wilful and wanton misconduct of the owner, tenant or lessee. The act applies to large tracts of undeveloped land which has recreational value, but not to urban, suburban, or subdivided lands such as the property involved in this case.

Reversed and remanded for trial.

NEGLIGENCE — RECREATIONAL USE ACT.

The recreational land use act, which provides that no cause of

REFERENCES

Am Jur 2d, Premises Liability §§ 37, 75, 269, 270.

Effect of statute limiting landowner's liability for personal injury to recreational user. 47 ALR4th 262.

action shall arise against an owner, tenant or lessee of private land for injury arising out of the outdoor recreational use of the land by a person who is on the land with or without permission of the owner and who does not pay a valuable consideration for the recreational use unless the injury was caused by the gross negligence or wilful and wanton misconduct of the owner, tenant or lessee, applies to large tracts of undeveloped land which has recreational value, but not to urban, suburban, or subdivided lands (MCL 300.201; MSA 13.1485).

*Ronald R. Gilbert, P.C.* (by *Ronald R. Gilbert*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Roger A. Smith* and *Rosalind Rochkind*), for defendants Gene Fournier and Ollie Gross.

*Mellon & McCarthy, P.C.* (by *Steve J. Weiss*), for defendants John Dannenberger, Gary Benedict and Stephen Switzer.

*Condit, McGarry & Schloff, P.C.* (by *Michael D. Schloff*), for defendants Mark Vailliencourt, Frank Vailliencourt, Steven Ludy, George Rink and James Buchanan.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Pat M. Donofrio* and *John C. Brennan*), for defendants Paul Gross, Robert Hyslop, Billy Creech, Dwayne Carey, Walter Lewandowski, Jessee Cockerham and Gerald Pratt.

*Mark S. Goldberg,* for defendant Wilford Hook.

*Wilson, Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Bernard N. Portnoy*), for defendant Fausto Bagolay.

*Beresh & Prokopp* (by *Sandra A. Prokopp*), for defendant Joel Miller.

*Lizza & Mulcahy, P.C.* (by *James H. Mulcahy*), for defendant Louis Chaplin.

*Conlin, Conlin, McKenney & Philbrick* (by *David S. Swartz*), for defendants Glen Nelson and Gerald Eagleton.

*Still, Nemier, Winter & Yockey, P.C.* (by *Paul L. Kaliszewski*), for defendants Marie Watkins and Harry Champe.

*Charlton & Bershad* (by *David M. Budka*), for defendant Whitney Jay.

*Suo & Wiseman* (by *Sidney J. Suo*), for defendant Clinton Childers.

*Collins, Douglass & Cory* (by *Peter J. Collins*), for defendants Russell Kuttkuhn and Ladwain Weaver.

Before: HOLBROOK, JR., P.J., and SULLIVAN and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order by the Oakland Circuit Court granting summary disposition to defendants which barred plaintiff's claim under Michigan's recreational land use act, MCL 300.201; MSA 13.1485. We reverse.

After drinking, plaintiff and some friends decided to go swimming at Walled Lake in the early morning hours of July 13, 1983. Plaintiff repeatedly stated that he wanted to dive into the lake, but his friends told him that the lake was too shallow to dive into. Upon arriving at the lake, one of plaintiff's friends, Anita Hernandez, entered the water from a dock across the street from an A

---

* Circuit judge, sitting on the Court of Appeals by assignment.

& w restaurant. To enter the lake, she sat down at the end of the dock and hopped into the water, which was only two to three feet deep. Plaintiff subsequently walked to the end of the dock and prepared to dive into the lake. He noticed Ms. Hernandez standing hip deep in the water about three feet from the end of the dock. Plaintiff dove into the water, struck his head on the bottom of the lake, and injured his spine. As a result, plaintiff is now a quadriplegic.

The land and dock from which plaintiff dove was private property owned by the Leon Beach Subdivision Association. There was fencing in the area and a "no trespassing" sign that hung on the fence between two trees.

Plaintiff later brought a suit sounding in negligence against the association and A & W Root Beer, which shared access to the lake, to recover damages for the injuries he sustained. Defendants moved for summary disposition, arguing that plaintiff's claim was barred by the recreational land use act. The lower court ruled that the recreational land use act applied in this case and that plaintiff's only viable actions under the statute were for gross negligence or wilful and wanton misconduct. The court then determined that plaintiff failed to plead gross negligence or wilful and wanton misconduct and granted summary disposition to the association under MCR 2.116(C)(8) and to A & W under MCR 2.116(C)(10). The lower court subsequently denied plaintiff's motion for rehearing or reconsideration and to amend his complaint. Plaintiff appeals as of right.

At the time this case arose, the recreational land use statute provided:

No cause of action shall arise for injuries to any person who is on the lands of another without

paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee.[1] [MCL 300.201; MSA 13.1485.]

The issue in this case is whether the property on which plaintiff's injuries occurred was of the type intended to be covered by the recreational land use act.

Plaintiff argues that the recreational land use statute is inapplicable to the facts of the case on four grounds: (1) plaintiff allegedly was a licensee on the land; (2) the accident took place in defendants' own "back yard," not a vast area of vacant but private land; (3) the dock was an artificial condition that constituted a hazard; and (4) the policies underlying the statute would not be furthered by applying it to the instant case.

We find that our Supreme Court's unanimous decision in *Wymer v Holmes,* 429 Mich 66; 412 NW2d 213 (1987), is controlling in the instant case.

The Court in *Wymer* determined that the act "redirected the focus of landowner liability from the status of the user of the property [i.e., tres-

---

[1] The act was amended by the Legislature in 1987 to read, in pertinent part, as follows:

Except as provided in subsection (3), no cause of action shall arise for injuries to any person who is on the lands of another without paying to the owner, tenant, or lessee of the lands a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee. [MCL 300.201(1); MSA 13.1485(1).]

passer, licensee, invitee], making the purpose of going on the land and the character of the land central to the determination of the owner's liability." 429 Mich 79-80. Therefore, plaintiff's alleged status as a licensee is not determinative as to whether the act applies in this case.

In construing the statute, the Supreme Court noted that the language of the statute must be read in light of the legislative purpose intended to be accomplished. The Court identified the legislative purpose of the act as "a legitimate state objective in promoting tourism and in *opening up and making available vast areas of vacant but private lands to the use of the general public.*" 429 Mich 77-78 (quoting *Thomas v Consumers Power Co,* 58 Mich App 486, 495-496; 228 NW2d 786 (1975), emphasis in *Wymer*).

The Court observed that the Legislature intended the act to apply to those outdoor activities specifically enumerated in the act

> which, ordinarily, can be accommodated only on tracts of land which are difficult to defend from trespassers and to make safe for invited persons engaged in recreational activities. The commonality among all these enumerated uses is that they generally require large tracts of open, vacant land in a relatively natural state. . . . The intention of the Legislature to limit owner liability derives from the impracticability of keeping certain tracts of lands safe for public use. The same need to limit owner liability does not arise in the case of recreational facilities which, in contrast, are relatively easy to supervise and monitor for safety hazards. [429 Mich 79.]

The Court concluded that

> [t]he language of the recreational use act, read in the light of its legislative history, is intended to

apply to large tracts of *undeveloped* land suitable
for outdoor recreational uses. Urban, suburban,
and subdivided lands were not intended to be
covered by the recreational use act. [429 Mich 80.
Emphasis added.]

In the instant case, we believe that limiting
defendants' liability through application of the
recreational land use act would do little to pro-
mote tourism or to open up and make available
vast areas of vacant, undeveloped land to the use
of the general public. *Wymer, supra* at 77-78. The
area surrounding the lake is not vacant, undevel-
oped land, but is developed with homes and busi-
nesses. Moreover, the dock is not a natural condi-
tion but is a recreational facility, developed by the
homeowners association, which is relatively easy
to supervise and monitor for safety hazards.
*Wymer, supra* at 79. See discussion in Thompson,
*Revisiting the Recreational User Act,* 67 MSB J
348-349 (1988).

We believe the facts of the instant case are
analogous to those in *Yahrling v Belle Lake Ass'n,
Inc,* 145 Mich App 620; 378 NW2d 772 (1985), rev'd
429 Mich 66; 412 NW2d 213 (1987). As the Su-
preme Court concluded that the recreational land
use act was not applicable in *Yahrling* [429 Mich
80], we likewise find that the recreational land use
act is not applicable to the instant case.

The grant of summary disposition to defendants
is reversed and the case is remanded for trial. We
retain no jurisdiction.