WILSON v THOMAS L McNAMARA, INC

Docket No. 94195. Submitted February 10, 1988, at Lansing. Decided December 5, 1988. Leave to appeal applied for.

Robert Kevin Wilson drowned in a man-made pond owned and possessed by Thomas L. McNamara, Inc., and others. Lucille Wilson, personal representative of the estate of Robert Kevin Wilson, deceased, filed a wrongful death action against Thomas L. McNamara, Inc., and the other owners and possessors of the pond in Eaton Circuit Court. The court, Hudson E. Deming, J., ruled that plaintiff's negligence and attractive nuisance claims were barred by the recreational land use act and that plaintiff failed to state a claim for wilful and wanton misconduct. Summary disposition was granted in favor of defendants. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's allegations, if proven, could demonstrate that the portion of the land where plaintiff's son drowned was sufficiently developed to take it outside the ambit of the recreational land use act. Plaintiff should have been allowed to proceed on her claims for negligence and attractive nuisance and defendants' motions for summary disposition should have been denied. The pleadings do not support defendants' assertion that plaintiff's claims were barred by the recreational land use act.

2. The trial court correctly ruled that plaintiff did not state a claim for wilful and wanton misconduct.

Reversed and remanded.

1. Negligence — Recreational Land Use Act.

The recreational land use act, which provides that no cause of action shall arise against an owner, tenant, or lessee of private land for injury arising out of the outdoor recreational use of

References

Am Jur 2d, Landlord and Tenant §§ 761 *et seq.,* 981 *et seq.*

Am Jur 2d, Premises Liability §§ 37, 75, 269.

Effect of statute limiting landowner's liability for personal injury to recreational user. 47 ALR4th 262.

the land by a person who is on the land with or without permission of the owner and who does not pay a valuable consideration for the recreational use unless the injury was caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee, applies to large tracts of undeveloped land which has recreational value, but not to urban, suburban, or subdivided lands (MCL 300.201; MSA 13.1485).

2. NEGLIGENCE — RECREATIONAL LAND USE ACT.

Owners of private land are not liable for injuries arising out of the outdoor recreational use of their land, including swimming when pursued as an outdoor sport, by persons who are on the land with or without permission of the owners unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owners; in determining liability, the character of the land and the purpose of the person going on the land are central (MCL 300.201; MSA 13.1485).

3. NEGLIGENCE — RECREATIONAL LAND USE ACT.

The recreational land use act applies to large tracts of undeveloped land which has recreational value, but not to urban, suburban, or subdivided lands; a portion of a large tract of land to which the recreational land use act applies may become so developed that it no longer comes within the ambit of the act; when this happens, the developed portion of the tract may be removed from the undeveloped remainder of the tract for purposes of the recreational land use act (MCL 300.201; MSA 13.1485).

4. NEGLIGENCE — RECREATIONAL LAND USE ACT — WILFUL AND WANTON MISCONDUCT.

The elements of wilful and wanton misconduct, under the statute which limits the liability of a landowner for injuries to a person using the defendant's land for recreational purposes, are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another; wilful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does (MCL 300.201; MSA 13.1485).

5. Negligence — Recreational Land Use Act — Wilful and
　　Wanton Misconduct — Failure to Fence Property.

　　The failure to fence or take other similar measures does not
　　amount to wilful and wanton misconduct under the recre-
　　ational land use act (MCL 300.201; MSA 13.1485).

*Zimmer & Deitrick, P.C.* (by *Noreen K. Myers*),
for plaintiff.

*Scodeller, DeLuca, Vogel & Schober* (by *Henry
W. Schober, Jr.*), for defendants McNamara.

*Smith, Haughey, Rice & Roegge* (by *Jon D.
Vander Ploeg*), for defendants Markwart.

Before: MAHER, P.J., and SHEPHERD and K. TERT-
ZAG,* JJ.

SHEPHERD, J. In this wrongful death action,
plaintiff appeals as of right from two orders grant-
ing summary disposition in favor of defendants
under MCR 2.116(C)(8). The trial court held on
October 22, 1985, that plaintiff's negligence and
attractive nuisance claims were barred by the
recreational land use act, MCL 300.201; MSA
13.1485, and on July 3, 1986, that plaintiff failed
to state a claim for wilful and wanton misconduct.
We reverse the trial court's holding that the act
applied and remand for further proceedings consis-
tent with this opinion.

Plaintiff commenced this action in September,
1984, stating claims for negligence and attractive
nuisance. Plaintiff amended the complaint twice to
name additional parties as defendants and twice in
an effort to comply with the court's October 22,
1985, ruling that plaintiff must allege facts which
sufficiently state a claim against the defendants
under the act.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendants are the alleged private owners and possessors of a parcel of land containing a man-made pond where plaintiff's young son drowned. The pond is located on a large tract of land which, for the most part, is undeveloped. Plaintiff's fourth amended complaint alleged that the pond was clearly visible and accessible from the public streets and that the parcel was situated in a residential area. The pond itself was allegedly constructed by defendants Thomas and Bernestine McNamara in the course of removing gravel for a commercial venture, and the area adjacent to the pond was allegedly used to store machinery, a steam shovel, and old cars. Part of the parcel, including a shoreline of the pond, was allegedly sold to defendant Lamar Corporation as a business acquisition and the rights to the water surface were leased to defendants Gary Robert and Lynn Marie Markwart, who then used the pond for a water-skiing school.

On appeal, plaintiff argues that the trial court erred in ruling that the recreational land use act barred her wrongful death action stemming from the drowning of her son in the man-made pond. We agree.

Originally, plaintiff based her wrongful death action against defendants on negligence and attractive nuisance theories of liability. The trial court's ruling in response to defendants' motions for summary disposition under MCR 2.116(C)(8) that the claims were barred because the act applied was essentially one implying that plaintiff must plead facts in avoidance of the act. With the exception of certain claims made against governmental entities, MCR 2.116(C)(7) is the appropriate rule under which a defendant may raise a defense by asserting that a claim is barred. See *Hoffman v Genesee Co,* 157 Mich App 1; 403 NW2d 485

(1987), lv den 428 Mich 902 (1987). We do not believe that MCR 2.116(C)(8), which tests the adequacy of the plaintiff's complaint, was an appropriate rule upon which to grant summary disposition to defendants.

In any event, the mislabeling of a motion does not preclude review where the lower court record otherwise permits review. *Hoffman, supra,* p 9. Plaintiff was provided with an opportunity to amend her complaint and the parties' dispute focused on the application of the act to the facts pled, assuming that they could be proven. To the extent that the parties present a legal issue which would need to be addressed on remand, we believe that it warrants review.

It is not disputed that plaintiff's young son drowned in a man-made pond situated on a large tract of land. The parties disputed whether the commercial development of a portion of the tract, including the man-made pond, rendered the act inapplicable. The act, as applied in the instant case, stated:

> No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee. [MCL 300.201; MSA 13.1485.]

In *Wymer v Holmes,* 429 Mich 66; 412 NW2d 213 (1987), our Supreme Court stated that the act was not intended to apply to urban, suburban, or subdivided lands, without making any qualification

for the size of the tract of land involved. See also *Murday v Bales Trucking, Inc,* 165 Mich App 747; 419 NW2d 451 (1988). Instead, the act was designed to limit owner liability on large tracts of undeveloped land which are suitable for outdoor recreational use and are difficult to defend from trespassers and to make safe for invited persons engaged in recreational activities. *Wymer, supra,* p 79; and see *Harris v Vailliencourt,* 170 Mich App 740; 428 NW2d 759 (1988). Noting the impracticability of keeping such tracts safe, the Court stated:

> The intention of the Legislature to limit owner liability derives from the impracticability of keeping certain tracts of lands safe for public use. The same need to limit owner liability does not arise in the case of recreational facilities which, in contrast, are relatively easy to supervise and monitor for safety hazards. [*Wymer, supra,* p 79.]

While the act does look to the size of the tract for purposes of deciding whether the act applies to a particular claim, it is not concerned with the ownership of the tract. The focus is on the use of the land and whether it remains in a relatively natural state or has been developed and changed in a manner incompatible with the intention of the act. Whether or not one is the "owner, tenant, or lessee" of the lands relates to the issue of whether one is a proper defendant in the action. The two issues central to the determination of the act's application to an injured person's claim are the injured person's purpose for going onto the land and the character of the land. *Wymer, supra,* pp 79-80. The central issue in this case is the character of the land.

While it is true that the tract of land is large and, for the most part, undeveloped, plaintiff alleges that her son drowned in a portion of the

tract that was commercially developed. The gravel pit was filled with water and leased to a water-skiing school. The land adjacent to the pond was accessible from the public streets and used to store equipment and old cars. This was not open, vacant land in a relatively natural state. *Wymer, supra,* p 79. The need to limit liability does not arise where, as here, the use of a portion of the tract has been changed in a manner incompatible with the purpose of the act. Accordingly, we hold that plaintiff's allegations, if proven, could demonstrate that the portion of the land where plaintiff's son drowned was sufficiently developed to take it outside of the act. Any other holding would permit an owner of a large tract of land covered by the act to change the character of a portion of the tract and yet remain insulated from liability by reason of the act. The only rule that is compatible with the purpose of the act is one that removes a portion of a large tract from the act when the character of such a portion has undergone a change.

Accordingly, plaintiff should have been allowed to proceed on her claims for negligence and attractive nuisance and defendants' motions for summary disposition should have been denied. The pleadings do not support defendants' assertion that plaintiff's claims were barred by the act.

With regard to plaintiff's claim that the trial court erred in ruling that she did not state a claim for wilful and wanton misconduct in Count v of the fourth amended complaint, we find this issue superfluous in view of our holding that plaintiff can proceed on her negligence and attractive nuisance claims. Nevertheless, we will address the issue in the event that plaintiff may still wish to proceed against defendants on an intentional, rather than a negligence, theory of liability.

A motion for summary disposition based on the

failure to state a claim, MCR 2.116(C)(8), tests the legal sufficiency of the pleadings, viewing the facts alleged in the light most favorable to the nonmoving party. *Burnett v City of Adrian,* 414 Mich 448, 457; 326 NW2d 810 (1982). Summary disposition will be affirmed only if our review indicates that the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Burnett, supra.*

The requirements of wilful and wanton misconduct are: (1) the knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) the ability to avoid the resulting harm by ordinary care and diligence in the use of means at hand; and (3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. *Burnett, supra,* p 455, n 2; *Gibbard v Cursan,* 225 Mich 311, 322; 196 NW 398 (1923). Wilful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does. *Burnett, supra.*

In the instant case, the trial court could find no indication that the defendants' conduct intended to harm plaintiff or amounted to such indifference as to be the equivalent to a willingness that it does. We agree. Plaintiff alleged wilful and wanton misconduct in defendants' failure to erect fences or other safeguards. However, this Court has held that the failure to fence or take other similar measures does not amount to wilful and wanton misconduct. See *Matthews v Detroit,* 141 Mich App 712; 367 NW2d 440 (1985), and *Graham v Gratiot Co,* 126 Mich App 385; 337 NW2d 73 (1983), lv den 418 Mich 898 (1983). Plaintiff has

failed to satisfy the third element of the test. Accordingly, the trial court correctly ruled that plaintiff did not state a claim for wilful and wanton misconduct.

Plaintiff also argues that the act violates the title-object clause of the Michigan Constitution. Const 1963, art 4, § 24. Plaintiff did not raise this issue below and it would therefore be inappropriate for us to consider it on appeal. *Crawford v Consumers Power Co*, 108 Mich App 232, 236; 310 NW2d 343 (1981). In any event, we have held that the act does not apply to the portion of the tract of land in question.

In sum, the trial court erred in ruling, on the basis of MCR 2.116(C)(8), that the act barred plaintiff's negligence and attractive nuisance claims. Accordingly, plaintiff should have been allowed to proceed on these claims and the trial court order allowing plaintiff to add a claim for wilful and wanton misconduct in an unsuccessful effort to state a claim permitted by the act was unnecessary. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded. Jurisdiction is not retained.