DUFFY v IRONS AREA TOURIST ASSOCIATION

Docket Nos. 309003, 311023. Submitted April 3, 2013, at Lansing.
Decided April 18, 2013, at 9:05 a.m.

Beverly and Daniel Duffy brought an action in the Lake Circuit
Court against the Irons Area Tourist Association and the Cycle
Conservation Club of Michigan, seeking damages for injuries
sustained by Beverly Duffy while driving an all-terrain vehicle on
a portion of the Little Manistee Trail located on state land.
Plaintiffs alleged that the state had contracted with defendants to
grade and maintain the portion of the trail where the accident
occurred and that defendants, as a result of their negligent failure
to properly maintain the trail, were responsible for Beverly's crash
and injuries. The Tourist Association moved for summary dispo-
sition, alleging that its maintenance of the trail fell under the
provisions of the recreational land use act, MCL 324.73301, that
limit liability to situations involving gross negligence. The court,
Mark S. Wickens, J., agreed with the Tourist Association and on
February 8, 2012, issued an opinion that stated that the court was
granting the Tourist Association's motion. On February 14, 2012,
the court entered a stipulated order dismissing plaintiffs' claim
against the Conservation Club. Plaintiffs appealed (Docket No.
309003). Because the trial court had not yet entered its order
dismissing the claim against the Tourist Association, it entered the
order on June 6, 2012. Plaintiffs appealed that order as well
(Docket No. 311023). The Court of Appeals consolidated the
appeals.

The Court of Appeals *held*:

1. The Legislature plainly intended to limit the scope of the
protection provided under the recreational land use act, MCL
324.73301, to the owner, tenant, or lessee of the land. The act
provides that a land owner, tenant, or lessee cannot be liable
unless the land owner, tenant, or lessee engaged in gross negli-
gence or willful and wanton misconduct. The Legislature extended
the protections of the act to land owners, tenants, and lessees
because it is those persons or entities whose possession and control
over the land renders them liable under the traditional common-
law principles applicable to premises liability. Therefore, the

protections afforded by MCL 324.73301 apply only to the traditional premises possessors identified by the Legislature in the act: land owners, tenants, and lessees.

2. The recreational land use act should be enforced as written and not given a judicial gloss designed to promote what the court believes to be the Legislature's policy goal in enacting the act.

3. There is no evidence that the Department of Natural Resources transferred an ownership interest in, or exclusive possession and control over, the land at issue to the Tourist Association. The Tourist Association was not an owner, tenant, or lessee of the land at issue. The trial court erred by extending the scope of the recreational land use act to protect the Tourist Association and by dismissing plaintiffs' claim against the Tourist Association on that basis. Because plaintiffs did not have to plead and prove that Beverly Duffy's injuries arose from the Tourist Association's gross negligence or willful and wanton misconduct, the trial court erred by granting summary disposition in favor of the Tourist Association on the basis of plaintiffs' failure to establish gross negligence. The opinion and order granting summary disposition in favor of the Tourist Association is vacated and the case is remanded for further proceedings consistent with the opinion of the Court of Appeals.

Vacated and remanded.

NEGLIGENCE — POSSESSORS OF LAND — RECREATIONAL LAND USE ACT.

The protections afforded by the recreational land use act apply only to the traditional premises possessors identified by the Legislature in the act: land owners, tenants, and lessees; the Legislature extended such protections to land owners, tenants, and lessees because it is those persons or entities whose possession and control over the land renders them liable under the traditional common-law principles applicable to premises liability (MCL 324.73301).

*Boyer, Dawson & St. Pierre, PLLC* (by *William G. Boyer, Jr.*), and *Mark G. Butler* for Beverly and Daniel Duffy.

*Smith Haughey Rice & Roegge* (by *William L. Henn* and *Todd W. Millar*) for Irons Area Tourist Association.

Before: M. J. KELLY, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM. In this suit to recover for personal injuries allegedly caused by the failure to properly maintain a public trail, plaintiffs, Beverly and Daniel Duffy (collectively the Duffys), appeal as of right the trial court's order granting summary disposition in favor of defendant Irons Area Tourist Association. On appeal, we must determine whether the trial court erred when it determined that the Tourist Association was protected from liability under Part 733 of the Natural Resources and Environmental Protection Act, see MCL 324.73301, which is commonly referred to as the recreational land use act. Because we conclude that the trial court erred when it relied on that act in dismissing the Duffys' claim against the Tourist Association, we vacate and remand.

## I. BASIC FACTS

In September 2007, Beverly Duffy drove an all-terrain vehicle on a portion of the Little Manistee Trail located on state land. After she crossed over some partially buried wooden boards on the trail, she lost control of her vehicle and crashed. She suffered serious spinal cord injuries and paralysis. The Duffys eventually sued the Tourist Association and defendant Cycle Conservation Club of Michigan. Specifically, they alleged that the state of Michigan had contracted with the Tourist Association and the Conservation Club to grade and maintain the trail in question and, as a result of their negligent failure to properly maintain the trail, the Tourist Association and the Conservation Club were responsible for Beverly Duffy's crash and injuries.

In lieu of an answer, the Tourist Association moved for summary disposition under MCR 2.116(C)(8) and (10). It argued that it was entitled to summary disposition because its maintenance of the trail fell under the

recreational land use act, which limited liability to situations involving gross negligence. The Tourist Association asserted that it was entitled to have the Duffys' claim dismissed because the Duffys had not properly alleged that the Tourist Association's maintenance of the trail was grossly negligent and, in any event, could not prove gross negligence. The trial court agreed and, on February 8, 2012, it issued an opinion stating that it was granting the Tourist Association's motion.

On February 14, 2012, the trial court entered a stipulated order to dismiss the Duffys' claim against the Conservation Club. After the Conservation Club's dismissal, the Duffys appealed and this Court assigned Docket No. 309003 to the appeal. However, the trial court had not yet entered an order dismissing the Duffys' claim against the Tourist Association; it did not enter such an order until June 6, 2012. The Duffys appealed that order as well and this Court assigned Docket No. 311023 to that appeal. This Court then consolidated the appeals.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

The Duffys first argue that the trial court erred when it determined that the Tourist Association was entitled to the protection provided under the recreational land use act. Because that act did not apply to the Tourist Association, they maintain, the trial court erred when it dismissed their claim against the Tourist Association on the basis that they failed to plead and establish that the Tourist Association's acts or omissions amounted to gross negligence. This Court reviews de novo a trial court's decision on a motion for summary disposition.

*Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). This Court also reviews de novo the proper interpretation of statutes, *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004), and agreements, *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

### B. THE RECREATIONAL LAND USE ACT

In 1995, the Legislature enacted the recreational land use act. See 1995 PA 58. The recreational land use act modified the common law applicable to torts involving injuries that a person sustained while on "the land of another" for recreational purposes:

> Except as otherwise provided in this section, a cause of action shall not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee. [MCL 324.73301(1).]

By repeatedly referring to the owner, tenant, or lessee of the land on which the person is injured, the Legislature plainly intended to limit the scope of the protection provided under MCL 324.73301(1): "a cause of action" by persons who were injured "on the land of another"—without paying to "*the* owner, tenant, or lessee of the land" a valuable consideration—shall not arise "against *the* owner, tenant, or lessee of the land" unless that person's injuries were caused "by the gross negligence or willful and wanton misconduct *of the owner, tenant, or lessee.*" *Id.* (emphases added). The

Legislature provided similar protections to owners, tenants, and lessees who permit the general public to use their land "for the purpose of entering or exiting from or using" a Michigan trailway or public trail, or to use their land for certain agricultural purposes. MCL 324.73301(2)-(5). As can be seen from a cursory reading, the Legislature took pains to state that it is the land owners, tenants, or lessees who cannot be liable unless the land owner, tenant, or lessee engaged in gross negligence or wanton and willful misconduct. It is also evident that the Legislature extended this protection to owners, tenants, and lessees because it is those persons or entities whose possession and control over the land renders them liable under the traditional common-law principles applicable to premises liability. See *Merritt v Nickelson*, 407 Mich 544, 552-554; 287 NW2d 178 (1980) (stating that premises liability "is conditioned upon the presence of both possession and control over the land" and holding that a coowner who does not have such possession and control is not liable); see also *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 265-269; 235 NW2d 732 (1975) (explaining that a lessee generally assumes responsibility for the condition of those parts of the premises over which the lessee has possession and control); *Ann Arbor Tenants Union v Ann Arbor YMCA*, 229 Mich App 431, 443-444; 581 NW2d 794 (1998) (stating that the defining characteristic of a tenant—as opposed to a guest—is that the tenant obtains exclusive legal possession and control over the premises during the term of a leasehold). Accordingly, we hold that the protections afforded by MCL 324.73301 apply only to the traditional premises possessors identified by the Legislature in that statute: landowners, tenants, and lessees.

Relying on *Kruse v Iron Range Snowmobile Club*, 890 F Supp 681, 684-685 (WD Mich, 1995), the trial court

determined that the recreational land use act should be extended to protect the Tourist Association. In *Kruse*, the court determined that the recreational land use act applied to an entity that contractually agreed to groom trails even though the entity did not own or lease the land at issue. *Id.* at 685. The court concluded that it would be appropriate to apply the act to the entity because it had been given the right to exercise "substantial ongoing control upon the land" and because extending the act would further the Legislature's purpose in enacting the act. *Id.* ("To deny the Snowmobile Club the Act's immunity simply because it does not appear to be an owner, tenant or lessee under traditional notions would be to exalt the importance of the defendant's relationship to the land in a manner disfavored by the Michigan courts."). But our Supreme Court has disavowed this type of "legislative decision-making" by the courts when interpreting the recreational land use act. *Neal*, 470 Mich at 667. Instead, our Supreme Court has held that the recreational land use act should be enforced *as written* and not given a judicial gloss designed to promote what the court believes to be the Legislature's policy goal in enacting the statute. *Id.* at 665-667, overruling *Wymer v Holmes*, 429 Mich 66; 412 NW2d 213 (1987).

The court in *Kruse* also relied on *Wilson v Thomas L McNamara, Inc*, 173 Mich App 372, 377; 433 NW2d 851 (1988), for the proposition that the defendant's relationship to the land does not really matter in determining whether the act applies. *Kruse*, 890 F Supp at 685. We disagree that *Wilson* stands for that proposition. Relying on the since overruled decision in *Wymer*, the Court in *Wilson* emphasized that it was the character of the land that determined whether the recreational land use act applied and not the nature of the defendant's relationship to the land; it nevertheless recognized that

whether "or not one is the 'owner, tenant, or lessee' of the lands relates to the issue of whether one is a proper defendant in the action." *Wilson*, 173 Mich App at 377. That is, the Court recognized that a person or entity is *not* a proper defendant in a premises liability action if the person or entity is not an owner, lessee, or tenant of the land at issue. In any event, even if *Wilson* could be interpreted to extend the recreational land use act to persons or entities other than owners, lessees, or tenants, we would decline to follow it as unpersuasive and directly contradicted by the language of the statute. See MCR 7.215(J)(1). The Legislature limited the recreational land use act's protection to land owners, tenants, and lessees, and we must enforce that limitation. *See Johnson v Recca*, 492 Mich 169, 196-197; 821 NW2d 520 (2012) (stating that a court should not try to enhance or improve statutes to fit what the court believes is the better policy choice, but must instead rest its analysis on the actual language and organization of the statute).

Here, the undisputed evidence showed that the Tourist Association entered into a "grant agreement" with the Department of Natural Resources. Under the terms of that agreement, the Tourist Association agreed to make certain improvements to the trail at issue in exchange for grant disbursements from the Department. There is no evidence, however, that the Department transferred an ownership interest in, or exclusive possession and control over, the land at issue to the Tourist Association; therefore, the Tourist Association was not an owner, tenant, or lessee. *Merritt*, 407 Mich at 552; *Quinlivan*, 395 Mich at 269; *Ann Arbor Tenants Union*, 229 Mich App at 443-444. Because the undisputed evidence showed that the Tourist Association was not the owner, tenant, or lessee of the land upon which Beverly Duffy was injured, the trial court erred when it

extended the scope of the recreational land use act to protect the Tourist Association and dismissed the Duffys' claim against it on that basis. MCL 324.73301.

### III. CONCLUSION

The Tourist Association was not an owner, tenant, or lessee of the land; as such, the recreational land use act did not apply to the Tourist Association and the trial court erred when it concluded otherwise. Because the Duffys did not have to plead and prove that Beverly Duffy's injuries arose from the Tourist Association's gross negligence or willful and wanton misconduct, the trial court erred when it granted the Tourist Association's motion for summary disposition on the ground that the Duffys failed to plead or present evidence to establish gross negligence. For these reasons, we vacate its opinion and order granting summary disposition in favor of the Tourist Association and remand for further proceedings consistent with this opinion. Given our resolution of this issue, we decline to consider the Duffys' remaining claims of error.

Vacated and remanded for further proceedings. We do not retain jurisdiction. As the prevailing party, the Duffys may tax their costs. MCR 7.219(A).

M. J. KELLY, P.J., and CAVANAGH and MURRAY, JJ., concurred.